**Robin E. MOE, Appellant,**

v.

**Duane KILDE, et al., Respondents.**

**No. C1-87-1665.**

Court of Appeals of Minnesota.

March 1, 1988.

H. Carl Baer, III, Kief Fuller Baer Wallner & Rodgers, Bemidji, for appellant.

Romaine R. Powell, Powell, Lang & Schueppert, Bemidji, for respondents.

Considered and decided by SEDGWICK, P.J., and RANDALL and KALITOWSKI, JJ.

## OPINION

RANDALL, Judge.

Appellant Robin Moe filed a personal injury suit against respondents Duane and Dee Kilde, her parents, in December 1986. On July 6, 1987, the Kildes moved for summary judgment. The trial court granted respondents' summary judgment motion, and judgment was entered July 17, 1987. Moe appeals. We affirm.

## FACTS

On July 31, 1985, appellant and a friend, Carol Streiber, were at respondents' home, preparing for a garage sale to be conducted by appellant and Streiber the next day.

Respondents have two garages; the garage in which the sale was to be held is attached to respondents' home, and the other is a detached double garage in which respondents parked their cars.

Around 8:00 p.m., Dee Kilde, appellant's mother, came home and parked her car in the double garage. The garage door was controlled by an electric garage door opener. When Dee Kilde attempted to close the garage door with the electric opener, the door would not close completely, and a spring was hanging on the outside.

Dee Kilde told appellant about the problem with the garage door, and appellant volunteered to try to fix the door. The parties agree that Dee Kilde did not ask her to do so. Appellant placed a step ladder on the outside of the garage door. Dee Kilde was at the back of the house. She claims she could not see appellant from her position. Appellant thinks her mother was over to the side. Dee Kilde and appellant agree they did not speak with each other from the time Kilde told appellant the garage door was broken, until the time of the accident.

Appellant told Streiber to stay in the garage and jump on the door when appellant gave the signal. Appellant mounted the ladder and planned to push the spring "back up inside" (between the door and the casing). Appellant thought if Streiber were to jump on it, the door would move down and the spring would slide back into place. Appellant testified she never thought about any danger to herself. She pushed up on the spring with both hands. At this point, a bracket "flew" off the wall and struck appellant's left arm, causing injury.

Appellant's attorney deposed Moe and the Kildes. Both Duane and Dee Kilde testified they have never experienced problems with the garage door opener, which had been installed ten years earlier. Dee Kilde stated she was aware that a loose spring presented a dangerous situation because a friend had been severely injured a few years previously by a similar garage door spring that had broken loose. She stated she should have hired someone to fix

the garage door, but because it was after 8:00 p.m. in the evening she thought she would not find anyone willing to take on the job at that time of the day.

## ISSUE

Did the trial court properly grant respondents' summary judgment motion, finding as a matter of law, that respondents breached no duty owed to appellant, an invitee on the premises?

## ANALYSIS

### Standard of Review

When reviewing a grant of summary judgment, this court must determine whether there are any genuine issues of material fact and whether the trial court erred in its application of the law. Minn.R. Civ.P. 56.03; *Betlach v. Wayzata Condominiums*, 281 N.W.2d 328, 330 (Minn. 1979). All inferences must be drawn against the moving party. *Nord v. Herreid*, 305 N.W.2d 337, 339 (Minn.1981). The trial court may not decide factual issues; its sole function is to determine whether fact issues exist. *Id.*

Respondents assert that the material facts in this case are undisputed. Appellant disagrees, and argues the trial court improperly invaded the factfinding province of the jury.

Appellant's complaint asserts one claim: that respondents failed to properly maintain and repair the garage door, and therefore breached a duty to maintain their premises free of dangerous and abnormal conditions. The trial court found that even if the facts are viewed in the light most favorable to appellant, respondents did not breach a duty to maintain or repair the door, as a matter of law.

■ A landowner has a duty to use reasonable care for the safety of all persons invited upon the premises. *Peterson v. Balach*, 294 Minn. 161, 174, 199 N.W.2d 639, 647 (1972). Among the factors to be considered when determining whether a breach of duty has occurred are: (1) circumstances under which the plaintiff en-

ters the land; (2) foreseeability or possibility of harm; duty to inspect, repair or warn; (3) reasonableness of inspection or repair; and (4) opportunity and ease of repair or correction. *Id.*, n. 7.

The trial court concluded that because the accident occurred within minutes of Dee Kilde's discovery of the condition of the garage door, respondents did not act unreasonably, and did not breach their duty to inspect, repair or maintain the garage door. The court enumerated the following undisputed facts to support this conclusion: the Kildes experienced no problems with the garage door or the opener prior to the accident; the Kildes had no reason to believe the door was malfunctioning prior to Dee Kilde's coming home; appellant was injured within minutes of the time Dee Kilde first became aware the door was malfunctioning, and admittedly before Dee Kilde had an opportunity to correct the problem. The accident happened only after appellant gratuitously volunteered to fix the broken spring. Appellant presented no evidence that respondents "sat" on the problem for an unreasonable length of time.

The facts material to the issue of duty to inspect, repair and maintain are uncontroverted. Viewing the pertinent facts in the light most favorable to appellant's position, the trial court did not err by holding that, as a matter of law, respondents did not breach their duty of reasonable care in inspecting, maintaining and repairing the garage door. *See Id.*, 294 Minn. at 174, 199 N.W.2d at 647 (the extent of an owner's duty to inspect, repair, or warn those who enter upon the land will be decided by the test of reasonable care).

Noting that the complaint did not allege breach of a duty to warn, the trial court found that respondents had no duty to warn of the obvious danger. It is not in dispute that appellant was aware of the broken spring. Her awareness led to her volunteering to attempt to fix it. Because the original complaint did not allege breach of duty to warn, because appellant did not move to amend the complaint, and because appellant agrees the broken spring was obvious as that is what she volunteered to fix, we do not disturb the trial court's conclusion that respondents had no duty to warn.

## DECISION

The trial court did not err by entering summary judgment for respondents where facts, even viewed in the light most favorable to appellant, still supported a finding that respondents were entitled to judgment as a matter of law.

Affirmed.