Ardella I. COBB, et al., Respondents,

v.

**STATE of Minnesota, DEPARTMENT OF NATURAL RESOURCES,**
**Appellant.**

**No. CX–88–2453.**

Court of Appeals of Minnesota.

July 3, 1989.

Robert D. Stoneburner, Paynesville, for respondents.

Hubert H. Humphrey, III, Atty. Gen., Lori M. Mittag, Sp. Asst. Atty. Gen., St. Paul, for appellant.

Heard, considered and decided by LANSING, P.J., and SCHUMACHER and MULALLY *, JJ.

## OPINION

SCHUMACHER, Judge.

On October 28, 1988, the trial court denied appellant's motion for summary judgment and this court granted discretionary review.

## FACTS

Respondent Ardella Cobb (Cobb), her husband and some friends visited the Games Lake public access site in Kandiyohi County which was equipped with a dock for launching boats. The day was windy and Cobb was the only person from her party to use the dock. No boats were being launched onto the lake.

Cobb observed that the section of the dock nearest shore was partially submerged in water and when she stepped onto the dock she noticed that it was unstable. She walked halfway out on the dock while waves lapped over it and then went back towards the shore. As she stepped off of the dock, Cobb fell, injuring her left ankle.

The Games Lake public water access site is owned and maintained by the appellant Minnesota Department of Natural Resources (DNR). The DNR is aware that people use the access site to swim and sunbathe in addition to launching boats onto the lake. Jeff Brown (Brown) is employed by the DNR to maintain approximately forty-five public water access sites in a seven-county area including the access site at Games Lake.

As a matter of habit and practice, Brown inspected the dock at the access site and performed necessary routine maintenance. During the boating season, he visited the Games Lake public water access site at least once every two weeks. Routine maintenance included inspecting, leveling, and positioning the dock in the lake.

On July 30, 1986, the day of the accident, Brown visited the Games Lake access site before Cobb fell. Brown inspected the dock and did not notice anything unusual or dangerous about the dock. Brown kept daily activity reports regarding his work at the various water access sites and his daily activity reports for July 30, 1986 indicated that he performed routine maintenance. The DNR had never received any complaints regarding the dock.

The DNR made a motion for summary judgment claiming that it was statutorily immune from liability under Minn.Stat. § 3.736, subd. 3(h) of the Tort Claims Act. The motion was denied and this court granted discretionary review of the denial.

## ISSUE

Is the state immune from suit under Minn.Stat. § 3.736, subd. 3(h) (1988)?

## ANALYSIS

*Standard of Review*

Summary judgment is proper when no material issues of fact exist and one party is entitled to judgment as a matter of law. Minn.R.Civ.P. 56.03. On appeal, this court must determine whether there are any genuine issues of material fact and whether the trial court correctly applied the law. *Betlach v. Wayzata Condominium*, 281

---

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 2.

N.W.2d 328, 330 (Minn.1979). This court must view the evidence in the light most favorable to the one against whom the motion was granted. *Grondahl v. Bulluck*, 318 N.W.2d 240, 242 (Minn.1982).

The State and its employees are not liable for:

> [A] loss incurred by a user within the boundaries of the outdoor recreation system and arising from the construction, operation, or maintenance of the system, as defined in section 86A.04 * * * except that the state is liable for conduct that would entitle a trespasser to damages against a private person.

Minn.Stat. § 3.736, subd. 3(h) (1988). The outdoor recreation system consists of:

> [A]ll * * * state water access sites, which include[s] all lands and facilities established by the commissioner of natural resources * * * to provide public access to water * * *.

Minn.Stat. § 86A.04 (1988).

The public water access site at Games Lake, including the dock and all facilities located at the access site, is part of the outdoor recreation system. Cobb was a user within the boundaries of the outdoor recreation system at the time she was injured. Maintenance of the dock is included within the operation, or maintenance of the system as intended by the plain language of the statute.

When the immunity provision of the statute applies, the state is immune from liability unless its conduct falls within the exception of the statute. The statute exposes the state to liability if it fails to conform to the standard of conduct commensurate with the duty imposed under the law of trespass as defined in the Restatement (Second) of Torts. *See Green–Glo Turf Farms, Inc. v. State*, 347 N.W.2d 491, 494 (Minn.1984); *Lawler v. Soo Line Railroad Co.*, 424 N.W.2d 313, 316 (Minn.Ct.App. 1988), *pet. for rev. denied* (Minn. Aug. 24, 1988); *Henry v. State*, 406 N.W.2d 608, 611 (Minn.Ct.App.1987), *pet. for rev. denied* (Minn. Aug. 12, 1987). Section 335 of the Restatement, outlines the factors which must be present before a private landowner is liable to a trespasser:

> A possessor of land who knows, or from facts within his knowledge should know, that trespassers constantly intrude upon a limited area of the land, is subject to liability for bodily harm caused to them by an artificial condition on the land, if
>
> (a) the condition
>
>> (i) is one which the possessor has created or maintains and
>>
>> (ii) is, to his knowledge, likely to cause death or serious bodily harm to such trespassers and
>>
>> (iii) is of such nature that he has reason to believe that such trespassers will not discover it, and
>
> (b) the possessor has failed to exercise reasonable care to warn such trespassers of the condition and the risk involved.

In this case, the DNR does not dispute that the dock is an artificial condition which it maintained. The Restatement standard creates liability if the DNR had knowledge that the dock was likely to cause death or serious bodily harm, the dock was a concealed danger, and the DNR failed to adequately warn of the condition and risk of the dock. Each of these requirements must be met before liability will attach.

> [S]ection 335 of the Restatement requires actual knowledge rather than employing the 'reason to know' standard found elsewhere in the Restatement. * * * Because the State has no duty to inspect for hidden dangers, it is not reasonable to apply a constructive knowledge standard.

*Henry*, 406 N.W.2d at 612.

The trial court held that there was sufficient evidence to allow a jury to infer that the DNR actually knew of an unsafe condition. The trial court's application of a constructive knowledge standard based upon inferential evidence is error. Actual knowledge of the likeliness of causing death or serious bodily harm is required to create liability.

Cobb has produced no evidence that the DNR had actual knowledge of any condition which was likely to cause death or

serious bodily harm. Brown inspected the Games Lake access site the same day Cobb fell and his daily activity report indicates that he performed routine maintenance. Similar evidence has been used to prove that the state had no actual knowledge a particular tree limb would cause injury or death. *See Henry*, 406 N.W.2d 610. Here, the DNR had no actual knowledge of a condition likely to cause death or serious bodily injury.

The dock in this case was not a dangerous hidden condition. Cobb was familiar with the Games Lake public access site having visited it before and it was apparent to her that water was lapping over the section of the dock nearest shore due to the wind on the lake.

### DECISION

The trial court erred by denying the summary judgment motion of appellant. The state is immune from liability under Minn. Stat. § 3.736.

Reversed.