David and Connie **MARTINEZ**, individually, and as parents and natural guardians of John Calvin Martinez, a minor, Respondents,

v.

**MINNESOTA ZOOLOGICAL GARDENS,**
a/k/a Minnesota Zoo, and the State
of Minnesota, Appellants.

No. C5-94-1462.

Court of Appeals of Minnesota.

Jan. 31, 1995.

Review Denied March 29, 1995.

Tyrone P. Bujold, Carter J. Leuty, Robins, Kaplan, Miller & Ciresi, Minneapolis, for respondents.

Hubert H. Humphrey, III, Atty. Gen., James S. Alexander, Asst. Atty. Gen., St. Paul, for appellants.

Considered and decided by FORSBERG, P.J., and HUSPENI and DAVIES, JJ.

## OPINION

FORSBERG, Judge.

Respondents David and Connie Martinez brought suit against the State of Minnesota for injuries sustained by their son, John Martinez, on a visit to the Minnesota Zoo. The state challenges the trial court's denial of its motion for summary judgment, arguing the trial court erred in determining there were genuine issues of material fact that preclude a finding of immunity from suit. We reverse.[1]

### FACTS

While visiting the Minnesota Zoo with his family, three-year-old John Martinez was injured when a pair of 25–pound steel railings fell on top of him. The railings, which are essentially bent pipes placed into sleeves in the concrete floor, had been removed from the floor to allow room for cleaning equipment. A maintenance worker had placed the railings against a low, carpeted wall surrounding an area known as the "pit." The "pit" is a recessed, carpeted area near the visitors' entrance to the zoo, which is used for small lectures and demonstrations.

The incident occurred sometime after 4:00 p.m., which is the zoo's official closing time in the winter. The Martinez family was near the pit area, gathering their coats and belongings in preparation for leaving the zoo. John Martinez and two other boys were in the pit area. John's mother, respondent Connie Martinez, saw one boy go underneath the railings at the same time that John and another boy were walking on top of the low carpeted wall going toward the railings. Connie Martinez told John and the other boy not to step on the railings because they could fall off the railings.

After they were warned about stepping on the railings, John and the other boy got down off the wall and went into the pit area. Some time later, John was standing outside the pit area, next to the railings. For no

*See* Minn.R.Civ.App.P. 128.02, subd. 4 (no further briefs may be filed except with leave of the appellate court). We construe the state's letter as only the vehicle calling this panel's attention to *Steinke*. We have disregarded any attempt by the state to analyze the significance of *Steinke*.

apparent reason, two of the railings fell on John and knocked him onto the concrete floor. John suffered a stroke as a result of the impact.

John's parents, respondents Connie and David Martinez, brought a personal injury action against the State of Minnesota. The state brought a motion for summary judgment on the basis of immunity from suit under Minn.Stat. § 3.736, subd. 3(o) (1992). The trial court denied the state's motion, finding there were genuine issues of material fact as to whether the railings which fell on John were a concealed condition, whether the railings were a condition likely to cause death or serious bodily harm, and whether John was warned of the condition of the railings prior to the incident. This appeal followed.

## ISSUE

Did the trial court err in denying the state's motion for summary judgment?

## ANALYSIS

■ Under Minn.R.Civ.App.P. 103.03, the trial court's denial of the state's motion for summary judgment is immediately appealable. *See Kipp v. Saetre*, 454 N.W.2d 639, 642 (Minn.App.1990) (denial of a motion for summary judgment is appealable when motion is based on a claim of immunity), *pet. for rev. denied* (Minn. June 26, 1990). On an appeal from summary judgment, this court must determine whether there are any genuine issues of material fact and whether the trial court erred in its application of the law. *State by Cooper v. French*, 460 N.W.2d 2, 4 (Minn.1990).

■ The State of Minnesota and its employees are not liable for losses incurred by visitors to the Minnesota Zoological Gardens, unless caused by conduct that would entitle a trespasser to damages against a private person. Minn.Stat. § 3.736, subd. 3(o) (1992). In Minnesota, trespassers are entitled to damages under a standard commensurate with the Restatement (Second) of Torts. *Green–Glo Turf Farms, Inc. v. State*, 347 N.W.2d 491, 494 (Minn.1984). Section 335 of the Restatement provides that

[a] possessor of land who knows, or from facts within his knowledge should know, that trespassers constantly intrude upon a limited area of the land, is subject to liability for bodily harm caused to them by an artificial condition on the land, if

(a) the condition

(i) is one which the possessor has created or maintains and

(ii) is, to his knowledge, likely to cause death or serious bodily harm to such trespassers and

(iii) is of such a nature that he has reason to believe that such trespassers will not discover it, and

(b) the possessor has failed to exercise reasonable care to warn such trespassers of the condition and the risk involved.

Restatement (Second) of Torts § 335 (1965). When a child is accompanied by a parent, section 335 is the proper standard to be applied in determining liability. *Sirek by Beaumaster v. State, Dep't of Natural Resources*, 496 N.W.2d 807, 811 (Minn.1993). The plaintiff bears the burden of establishing that each of the elements of section 335 has been met in order to defeat a claim of immunity. *See Zacharias v. Minn. Dep't of Natural Resources*, 506 N.W.2d 313, 320 (Minn. App.1993) (citing *Cobb v. State, Dep't of Natural Resources*, 441 N.W.2d 839, 841 (Minn. App.1989)), *pet. for rev. denied* (Minn. Nov. 16, 1993).

■ The state argues the trial court erred in denying its motion for summary judgment because there are no genuine issues of material fact. We agree. As a matter of law, the condition that caused John Martinez's injuries was not hidden. Under section 335,

a landowner will be liable only for failing to exercise reasonable care to warn trespassers about hidden, artificial dangers created or maintained by the landowner. * * * [A] landowner is "entitled to assume trespassers will realize that no preparation has been made for their reception and will, therefore, be on the alert to observe the conditions which exist upon the land."

*Sirek*, 496 N.W.2d at 810 (citations omitted). "The test is not whether the injured party

actually saw the danger, but whether it was in fact visible." *Munoz v. Applebaum's Food Mkt., Inc.,* 293 Minn. 433, 434, 196 N.W.2d 921 (1972). "When a brief inspection would have revealed the condition, it is not concealed." *Johnson v. State,* 478 N.W.2d 769, 773 (Minn.App.1991), *pet. for rev. denied* (Minn. Feb. 27, 1992).

In *Watters v. Buckbee Mears Co.,* 354 N.W.2d 848 (Minn.App.1984), the plaintiffs were passengers in a vehicle which drove onto a vacant lot which had been used for mining gravel. *Id.* at 849. The vehicle went up a 30-foot hill, and plaintiffs were injured when the vehicle went over a vertical drop and rolled down the other side of the hill. *Id.* This court held the danger was not concealed because "[a]n inspection [of the hill], however brief, would have revealed the ledge on the other side." *Id.* at 851.

Here, Connie Martinez concedes she saw the railings. Although she saw the railings only from inside the pit area, and the railings were leaning against the outside of the wall surrounding the pit, as a matter of law, the railings were not a concealed condition. A brief inspection would have revealed the railings were not fixed into the floor and were otherwise unsecured. Because the railings were not a concealed condition, the state is entitled to immunity. Our resolution of this issue renders the state's remaining arguments moot.

## DECISION

Because the condition which caused injury was not a hidden danger, the trial court erred in denying the state's motion for summary judgment on the basis of immunity.

**Reversed.**

