United States Court of Appeals

**FOR THE EIGHTH CIRCUIT**

_____

No. 96-3900

_____

| | | |
|---|---|---|
| William John Gatheridge, Jr., and State of Minnesota, Department of Human Services, | * * * * | |
| Appellants, | * * | Appeal from the United States District Court for the District |
| v. | * * | of Minnesota. |
| Strata Corporation - Bradshaw Gravel Supply, Inc., a North Dakota Corporation, | * * * * | |
| Appellee. | * | |

_____

Submitted:  May 23, 1997

Filed: July 11, 1997

_____

Before RICHARD S. ARNOLD, Chief Judge, and BOWMAN and MORRIS
SHEPPARD ARNOLD, Circuit Judges.

_____

MORRIS SHEPPARD ARNOLD, Circuit Judge.

William John Gatheridge, Jr., a young man of nineteen who was paralyzed when
he dived into and hit the bottom of a water-filled gravel pit owned by Strata
Corporation ("Strata"), appeals from a summary judgment entered below in favor of

Strata. The case, here under our diversity jurisdiction, is governed by Minnesota law. We affirm the judgment of the district court.[1]

## I.

In the summer of 1989, young people frequently gathered at Strata's gravel quarry to swim. It was evidently a very popular spot, and Mr. Gatheridge and his friends visited it regularly. It was an open, unfenced area, and there were no warning signs present. Strata was aware that swimming occurred there, and Mr. Gatheridge was aware that it was private property and not a public swimming area.

Mr. Gatheridge and others rigged a makeshift diving board from a rocky ledge, some seven feet from the ground, the forward end of which was five feet from the edge of the water in the quarry. Under the board, the quarry sloped down toward the water. From the water's edge, the quarry bottom continued to slope down, but, at a distance of four to six feet from the water's edge, the depth of the water was only two to three feet. It was plain to see that a swimmer leaving the diving board would have to jump five feet in order to get to the water's edge, and further yet to reach water of any appreciable depth. Mr. Gatheridge dived backward and headfirst off this board into shallow water, hitting his head on the bottom.

## II.

Minnesota law has, for purposes of the law of negligence, abandoned the distinction between an invitee and a licensee, and calls any person on the land of another with permission an "entrant." Peterson v. Balach, 199 N.W.2d 639, 642 (Minn. 1972). Under Minnesota law, therefore, there are only two possible ways to characterize someone who is on someone else's land, namely, as an entrant or a trespasser. Whether a person is one or the other is generally a question of law,

---

[1]The Honorable Richard H. Kyle, United States District Judge for the District of Minnesota.

Reider v. City of Spring Lake Park, 480 N.W.2d 662, 666-67 (Minn. Ct. App. 1992), that is, the relevant facts are rarely in dispute, and the district court held that Mr. Gatheridge, who admitted that he was not invited onto the land, and that he knew that it was private property, was the latter. Mr. Gatheridge maintains on appeal that there was an implied invitation to enter on the land but has pointed to no case that furthers this argument. We therefore do not disturb the district court's holding on this point.

The most that can be said of Strata's responsibility to Mr. Gatheridge in these circumstances, then, is that it had a duty to warn him of an artificial condition on its property of such a nature that it had reason to believe that he would not discover it. Johnson v. Washington County, 518 N.W.2d 594, 599 (Minn. 1994); see also Restatement (Second) of Torts § 335 at 188 (1965). In other words, Strata had a duty to warn Mr. Gatheridge only of "hidden, artificial dangers." Sirek v. State, Dep't of Natural Resources, 496 N.W.2d 807, 810 (Minn. 1993).

The difficulty for Mr. Gatheridge in this case is that it is uncontroverted that the danger that caused his injury was easily discoverable, and if "a brief inspection would have revealed the condition, it is not concealed." Johnson v. State, 478 N.W.2d 769, 773 (Minn. Ct. App. 1991). It was on the basis of this principle that the Minnesota Supreme Court reversed a trial court holding that there was a factual question as to whether the danger of a ditch was hidden to a snowmobiler; the landowner, the court held, was " 'entitled to assume that trespassers will ... be ... alert to observe the conditions which exist upon the land.' " Steinke v. City of Andover, 525 N.W.2d 173, 177 (Minn. 1994), quoting Restatement (Second) of Torts § 335 comment f at 190. We find that Strata had no reason to believe that a person who was going to dive into its quarry would not discover the shallow bottom that, in this case, afforded such tragic consequences.

### III.

For the above reasons, we affirm the summary judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.