Harlan LUNDSTROM, Respondent,

v.

**CITY OF APPLE VALLEY, Appellant.**

No. C0–98–1328.

Court of Appeals of Minnesota.

Dec. 29, 1998.

Scott D. Eller, Ann E. Walther, Minneapolis, MN (for respondent).

Carla J. Heyl, St. Paul, MN (for appellant).

Considered and decided by
KALITOWSKI, Presiding Judge,
SHUMAKER, Judge, and ANDERSON,
Judge.

## OPINION

G. BARRY ANDERSON, Judge.

Appellant City of Apple Valley appeals the district court's denial of its motion for summary judgment, arguing that it is immune from tort liability under Minn.Stat. § 466.03, subd. 6e (1996). We reverse.

### FACTS

The Apple Valley Sports Arena is a multi-purpose sports facility owned jointly by the City of Apple Valley and School District 196. Located within the facility is an indoor arena that contains tennis courts during the summer and a hockey rink during the winter.

Approximately mid-March each year, the ice rink is melted and several large mats are placed on top of the bare concrete. The mats consist of a black rubber layer on the floor side and a green laminated rubber layer on top. Although the weight of the mats generally prevents them from moving around, duct-tape is also used on the seams underneath the mats and on the surface of the mats around the perimeter to help prevent movement.

At times during the tennis season the black rubber portion of the mat curls up and separates from the green portion. When this occurs, appellant generally uses a hot glue gun to fasten the pieces together again. When there is not enough time to use a glue gun, duct-tape is placed temporarily on top of the seam.

On April 29, 1995 respondent played in a tennis tournament at the Apple Valley Sports

Arena. Prior to playing his second match, respondent noticed that there was black tape on the surface of the court covering the baseline seam. Respondent testified in his deposition that the tape on the court appeared to be different than the duct-tape he had seen on prior occasions.

Respondent played four games without incident; however, during his fifth game he slipped on the tape and fell. Respondent was taken to the hospital and informed that his Achilles' tendon was ruptured. No other injuries or complaints had been reported prior to this incident.

Respondent sued appellant for negligently maintaining its tennis courts. Appellant moved for summary judgment arguing that (1) it was immune from liability under Minn. Stat. § 466.03, subd. 6e; (2) respondent assumed the risk of any injuries sustained; and (3) appellant owed no legal duty to respondent.

The district court issued an order denying appellant's motion but made no findings and incorporated no memorandum into the order explaining the ruling.

### ISSUE

Is the City of Apple Valley immune from tort liability under Minn.Stat. § 466.03, subd. 6e?

### ANALYSIS

The district court did not provide its reasons for denying summary judgment. Findings of fact and conclusions of law are not required for summary judgment decisions. Minn. R. Civ. P. 52.01; *see also* Minn. R. Civ. P. 56.03 (summary judgment shall be rendered if there is no genuine issue of material fact). Nevertheless, district courts commonly include an attached memorandum with a summary judgment order. Without that memorandum, a reviewing court is left to speculate as to the district court's reasoning. *Steinhilber v. Prairie Pine Mut. Ins. Co.*, 533 N.W.2d 92, 93 n. 1 (Minn.App.1995). We must assume that the district court found issues of material fact precluding summary judgment.

On appeal from summary judgment, a reviewing court must examine the record to determine whether any genuine issues of material fact exist and whether the district court erred in applying the law. *State by Cooper v. French*, 460 N.W.2d 2, 4 (Minn. 1990). We must view the evidence in the light most favorable to the nonmoving party. *Fabio v. Bellomo*, 504 N.W.2d 758, 761 (Minn.1993). The application of immunity is a question of law that we review de novo. *Kari v. City of Maplewood*, 582 N.W.2d 921, 923 (Minn.1998).

Appellant argues it is immune from liability under the recreational use immunity of Minn.Stat. § 466.03, subd. 6e (1996).

Generally, municipalities are liable for their torts. Minn.Stat. § 466.02 (1996). However, a municipality is entitled to recreational use immunity from

> [a]ny claim based upon the * * * operation, or maintenance of any property owned * * * by the municipality that is intended or permitted to be used * * * as an open area for recreational purposes, or for the provision of recreational services, * * * if the claim arises from a loss incurred by a user of * * * recreation property or services. Nothing in this subdivision limits the liability of a municipality for conduct that would entitle a trespasser to damages against a private person.

Minn.Stat. § 466.03, subd. 6e.

It is undisputed that appellant is a municipality that operates and maintains the tennis courts located in the sports arena. Respondent was participating in a tennis tournament when the injury occurred. The tennis courts are a "recreational area" for purposes of the statute. Based on these facts, appellant is immune from respondent's claim under section 466.03, subd. 6e.

The exception to the immunity rule is that a municipality owes the same duty to recreational users of its facilities that a private person owes to trespassers. *Id.* The trespasser standard adopted in *Green–Glo Turf Farms, Inc. v. State*, 347 N.W.2d 491 (Minn.1984), and applied in later cases, follows section 335 of the Restatement (Second)

of Torts.[1] *See id.* at 494 (citing sections 333–39 generally). *See, e.g., Sirek v. State,* 496 N.W.2d 807, 809–10 (Minn.1993) (limiting application to general trespasser standard of section 335). Under this standard, a landowner is liable for failure to warn of an artificial condition which he has created or maintained only if (1) the artificial condition is likely to cause death or serious bodily harm; (2) the landowner has actual knowledge of that danger; and (3) the danger is concealed or hidden from the trespasser. Restatement (Second) of Torts § 335 (1965); *see also Sirek,* 496 N.W.2d at 809–10; *Cobb v. State,* 441 N.W.2d 839, 841 (Minn.App. 1989). In addition,

> a landowner will be liable only for failing to exercise reasonable care to warn trespassers about hidden, artificial dangers created or maintained by the landowner.

*Johnson v. Washington County,* 518 N.W.2d 594, 599 (Minn.1994) (quoting *Sirek,* 496 N.W.2d at 810).

■ Whether a condition was hidden depends on the visibility of the condition, not on whether the injured party actually saw the danger. *Steinke v. City of Andover,* 525 N.W.2d 173, 177 (Minn.1994). If "a brief inspection would have revealed the condition, it is not concealed." *Johnson v. State,* 478 N.W.2d 769, 773 (Minn.App.1991) (citation omitted), *review denied* (Minn. Feb. 27, 1992). Moreover, trespassers are required to be alert to conditions existing on the land. *Sirek,* 496 N.W.2d at 812 (citing Restatement § 335 cmt. f). The plaintiff bears the burden of establishing that all of the elements of section 335 have been met in order to defeat an immunity claim. *Martinez v. Minnesota Zoological Gardens,* 526 N.W.2d 416, 418 (Minn.App.1995), *review denied* (Minn. Mar. 29, 1995).

■ Here, appellant contends that respondent cannot satisfy all the elements under section 335 to defeat its immunity defense. Appellant argues that the tape on the court

was open and visible to respondent and not a hidden, concealed danger.

We agree. Respondent testified that he had seen the tape on the courts prior to playing tennis. There is no evidence to support a conclusion that the tape was a hidden hazard likely to cause death or serious bodily injury. In *Schaffer v. Spirit Mountain Recreation Area Auth.,* 541 N.W.2d 357, 361 (Minn.App.1995), a 14–year–old girl was injured when she ran into a metal barrel while skiing. We held that Spirit Mountain was immune from liability because the barrel was not a hidden hazard since a large portion of the barrel and its yellow top were visible. *Id.* Likewise, here the black tape on the green surface of the tennis court was also visible to respondent and not a hidden hazard. *See also Johnson,* 478 N.W.2d at 773 (raised sidewalk joint could have easily been discovered and was not concealed condition); *Watters v. Buckbee Mears Co.,* 354 N.W.2d 848, 851 (Minn.App.1984) (vertical drop in dirt hill was not concealed because brief inspection would have revealed it).

## DECISION

The tape on the surface of the tennis court was not a hidden hazard and the City of Apple Valley is thus immune from tort liability and entitled to summary judgment.

**Reversed.**

---

1. Respondent contends that section 336 of the Restatement of Torts is applicable. However, the case cited by respondent did not involve a municipality's claim of recreational immunity. *See Doe v. Brainerd Int'l Raceway,* 533 N.W.2d 617, 621–22 (Minn.1995) (declining to apply section 336 to expand private landowner's duty to trespasser, "landowner has no duty where the harm involves dangers so obvious that no warning is necessary"). Since the supreme court has expressly adopted section 335 of the Restatement as the applicable law in the area of recreational use immunity, we decline to adopt the position advanced by respondent.