**Michael F. STIELE, a minor, by his mother and natural guardian, Janna GLADIEUX, Respondent,**

v.

**CITY OF CRYSTAL, Appellant.**

**No. C5–01–2275.**

Court of Appeals of Minnesota.

July 2, 2002.

William J. Aase, Milavetz, Gallop & Milavetz, P.A., Edina, for respondent.

Brian Gaviglio, Carla Heyl, League of Minnesota Cities, St. Paul, for appellant.

Considered and decided by LANSING, Presiding Judge, ANDERSON, Judge, and PORITSKY, Judge.

## OPINION

PORITSKY, Judge.*

Respondent Michael Stiele was injured in a park when he jumped backwards off a

---

* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 10.

fence without looking down and received a cut on his leg from a metal post that had been installed to prevent a satellite restroom from being tipped over by vandals. The City of Crystal, which operated the park, appeals from the denial of its motion for summary judgment, contending that it is entitled to both recreational use immunity under Minn.Stat. § 466.03, subd. 6e, and statutory discretionary immunity under Minn.Stat. § 466.03, subd. 6. We conclude that the city is entitled to recreational use immunity and reverse.

## FACTS

On April 25, 2000, Stiele, then 11 years old, went with some friends to North Lions Park located in and operated by the City of Crystal (the city). While at the park, Stiele climbed a fence surrounding the tennis courts. Stiele jumped backwards off the fence without looking and cut his leg on a metal signpost. The signpost, which the city had installed to stop vandals from tipping over the satellite restroom, was located next to a satellite restroom. The signpost that Stiele struck was three to four feet high and was painted green.

The city had painted the tops of similar signposts orange in the past so that the satellite restroom contractor could locate the posts and so no one would walk into the posts in the off-season when the restrooms were removed.

Although the exact location of the signpost is not made clear in the record, Stiele states that he was climbing the fence "right behind" the satellite restroom on April 25, 2000. The city had received no previous complaints about the signposts.

Stiele sued the city, which responded by moving for summary judgment, claiming recreational use immunity, statutory discretionary immunity, and assumption of risk. The district court denied the city's

motion, and the city appeals, but raises only the two immunity issues.

## ISSUES

I. Does statutory recreational use immunity under Minn.Stat. § 466.03, subd. 6e, bar Stiele's claims against the city for an injury Stiele received when he jumped off a fence onto a metal signpost at the city's park?

II. Does statutory discretionary immunity under Minn.Stat. § 466.03, subd. 6, bar Stiele's claim against the city for an injury Stiele received when he jumped off a fence onto a metal signpost at the city's park?

## ANALYSIS

While denial of summary judgment is not ordinarily appealable, the supreme court recognizes an exception when the district court denies a motion for summary judgment that asserts statutory immunity. *Zank v. Larson,* 552 N.W.2d 719, 721 (Minn.1996).

> On an appeal from summary judgment, we ask two questions: (1) whether there are any genuine issues of material fact and (2) whether the lower courts erred in their application of the law.

*State by Cooper v. French,* 460 N.W.2d 2, 4 (Minn.1990) (citation omitted). No genuine issue of material fact exists "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." *DLH Inc. v. Russ,* 566 N.W.2d 60, 69 (Minn.1997) (alteration in original) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986)). "[T]he party resisting summary judgment must do more than rest on mere averments." *Id.* at 71. A genuine issue for trial must be established by substantial evidence. *Id.* at 69–70 (quoting *Murphy v.*

*Country House, Inc.,* 307 Minn. 344, 351, 240 N.W.2d 507, 512 (1976)).

The application of immunity is a question of law, which this court reviews de novo. *Gerber v. Neveaux,* 578 N.W.2d 399, 402 (Minn.App.1998). The party seeking immunity must "demonstrate facts showing that it is entitled to immunity." *Id.* (citation omitted).

### I.

The city's first argument is that the doctrine of recreational immunity, found in Minn. Stat § 466.03, subd. 6e (2000), bars Stiele's suit. Because Stiele's injury occurred in the city's park, it is undisputed that his claim is subject to the application of recreational use immunity. That immunity, however, is not absolute:

> Nothing in this subdivision limits the liability of a municipality for conduct that would entitle a trespasser to damages against a private person.

*Id.*

Although the statute imposes upon a municipality the same standard of care that a private person owes a trespasser, the statute does not define that standard of care. The city contends that the general trespasser standard, found in section 335 of the Restatement (Second) of Torts, is the proper standard, while Stiele contends that the child trespasser standard, found in section 339 of the Restatement, applies. In our opinion, the general trespasser standard is the appropriate standard.

As the supreme court noted in *Sirek by Beaumaster v. State, Dep't of Natural Resources,* 496 N.W.2d 807, 811 (Minn.1993), section 339 does not apply where dangers "may reasonably be expected to be understood and appreciated by any child of an age to be allowed at large." (quoting Restatement (Second) of Torts § 339 cmt. j (1965)). In the present case, Stiele was playing at the park with friends and was under no supervision. Because Stiele was apparently allowed to be at large, and the danger of a three-to-four-foot-high metal signpost should be understood by any child allowed at large—especially an 11 year old with no disability—it is our view that the general trespasser standard should apply in this case.

Moreover, in several cases the supreme court has recognized that the imposition of the more rigorous standard of section 339 may well require that parks be "child-proofed." In *Sirek,* the supreme court held that the general trespasser standard applied to children accompanied by adults in state parks. 496 N.W.2d at 811. In doing so, the court noted that imposing the child trespasser standard

> would require the 'childproofing' of vast areas of state parks, which would violate the spirit underlying the preservation of 'Minnesota's natural and historical heritage for public understanding and enjoyment.' (Citation omitted.)

*Id.*

In *Johnson v. Washington County,* 518 N.W.2d 594, 599 (Minn.1994), the court noted the *Sirek* court's wariness "of requiring child proofing of state parks * * *" and applied the same policy consideration in a suit against a municipality (citation omitted). While both *Sirek* and *Johnson* involved children who were under adult supervision, the same concern about requiring parks to be childproofed applies equally here. For these reasons, we conclude that the general trespasser standard, found in section 335, applies in this case.

Section 335 provides:

A possessor of land who knows, or from facts within his knowledge should know, that trespassers constantly intrude upon a limited area of the land, is subject to

liability for bodily harm caused to them by an artificial condition on the land, if

(a) the condition

(i) is one which the possessor has created or maintains and

(ii) is, to his knowledge, likely to cause death or seriously [sic] bodily harm to such trespassers and

(iii) is of such a nature that he has reason to believe that such trespassers will not discover it, and

(b) the possessor has failed to exercise reasonable care to warn such trespassers of the condition and the risk involved.

*Id.* (quoting Restatement (Second) of Torts (1965)). Stiele must establish that all elements of section 335 have been met in order to defeat an immunity claim. *Schaffer v. Spirit Mountain Recreation Area Authority*, 541 N.W.2d 357, 360 (Minn. App.1995) (citation omitted). We conclude that Stiele failed to show two elements imposed by section 335:(1) the condition, to the city's knowledge, is likely to cause death or serious bodily injury, and (2) the condition is of such a nature that the landowner has reason to believe trespassers will not discover it.

■ With respect to the first element, the city contends that a signpost next to a satellite restroom is not a condition likely to cause death or serious bodily injury. Conditions that satisfy this requirement "generally have inherently dangerous propensities, such as a high voltage electrical wire." *Johnson v. State*, 478 N.W.2d 769, 773 (Minn.App.1991) (citing Restatement (Second) of Torts § 335 (1965) (illustration)), *review denied* (Minn. Feb. 27, 1992). Further, "[t]he Restatement requires the condition to be *likely* to cause serious bodily harm, not that serious 'might' actually result." (Emphasis added.) *Id.* In the present case, while the signpost might cause serious bodily harm (it did not in this case), it was not likely to cause death or serious bodily harm. Moreover, Stiele has to show that the city knew about any danger the signpost posed. The record demonstrates that the city had received no previous complaints or indications that the signposts might be dangerous. Thus, Stiele has failed to satisfy the element of section 335 that requires him to show that to the city's knowledge, the condition was likely to cause death or serious bodily harm,.

■ The city further contends that the condition was not hidden and therefore it had no duty to protect trespassers from the condition. We agree. "Generally, whether a condition was hidden depends on whether the condition was visible, not on whether the injured party actually saw the danger." *Steinke*, 525 N.W.2d at 177 (citation omitted). Here, Stiele testified that he saw the signpost after the accident. Further, a park employee testified that the signpost was in plain view if a person approached the restroom. Finally, because Stiele did not look at the ground before jumping off the fence, there is no evidence in the record that the signpost was hidden. Thus, Thiele has failed to meet the element of section 335 that requires him to show that the condition was hidden.

In short, Thiele has failed to show two of the elements he must show in order to defeat the city's recreational use immunity defense. We conclude that the city is therefore immune from suit under Minn. Stat. § 466.03, subd. 6e.

II.

In light of our decision that the recreational immunity statute controls, it is not

necessary to consider the city's discretionary immunity claim.

## DECISION

Because the city is immune from suit under Minn.Stat. § 466.03, subd. 6e, the district court erred by denying the city's summary judgment motion.

**Reversed.**