**Joan M. KRIEGER, Respondent,**

v.

**CITY OF ST. PAUL, Appellant,**

**Dew Corporation, et al., Defendants,**

and

**City of St. Paul, Third Party Plaintiff,**

v.

**Dew Corporation, Third Party Defendant.**

**No. A08–0750.**

Court of Appeals of Minnesota.

March 10, 2009.

Mark J. Fellman, Fellman Law Office, St. Paul, MN; and Wilbur W. Fluegel (co-counsel), Fluegel Law Office, Minneapolis, MN, for respondent.

John J. Choi, St. Paul City Attorney, Lawrence J. Hayes, Jr., Assistant City Attorney, St. Paul, MN, for appellant.

Considered and decided by LANSING, Presiding Judge; KALITOWSKI, Judge; and SCHELLHAS, Judge.

## OPINION

SCHELLHAS, Judge.

In this tort case, appellant City of St. Paul challenges the district court's denial of its motion for summary judgment, arguing that it was protected by recreational-use immunity and that certain elements of the trespasser-liability exception to recreational-use immunity are not met in this case. We agree, and therefore reverse and remand for entry of summary judgment in favor of appellant.

## FACTS

Respondent Joan M. Krieger alleged that she tripped on a gouge in a temporary walkway located at the North Dale Recreation Center, which was owned by appellant City of St. Paul (the city). The incident happened as Krieger left the recreation center at approximately 9:00 p.m., on March 3, 2004. In her answers to interrogatories, Krieger explained that there

were no warning signs or markers indicating areas unsafe for walking, that the area was not illuminated by external lighting, and that she was unable to see that there was a gouge in the temporary surface. No pictures or descriptions of the gouge are contained in the record. As the case progressed, claims against other parties were added and then dismissed. Only Krieger's claim against the city remains.

The city asserted recreational-use immunity, official immunity, and statutory immunity as affirmative defenses, and twice moved the district court for summary judgment. The court denied both motions. This appeal follows.

## ISSUE

Did the district court err in concluding that genuine issues of material fact exist about whether the sidewalk gouge was likely to cause death or serious bodily harm and whether the city had notice of a defect likely to cause death or serious bodily harm?

## ANALYSIS

On appeal from summary judgment, we ask (1) whether there are any genuine issues of material fact and (2) whether the lower court erred in its application of the law. *State by Cooper v. French,* 460 N.W.2d 2, 4 (Minn.1990). A genuine issue of material fact exists when reasonable persons can draw different conclusions from the evidence. *DLH, Inc. v. Russ,* 566 N.W.2d 60, 69 (Minn.1997). "We review immunity issues *de novo,* without deference to the district court." *Unzen v. City of Duluth,* 683 N.W.2d 875, 878 (Minn.App.2004), *review denied* (Minn. Oct. 27, 2004).

The city claims protection by recreational-use immunity under Minn.Stat. § 466.03, subd. 6e (2008). Though municipalities are generally liable for their torts,

Minn.Stat. § 466.02 (2008), recreational-use immunity is an exception that protects municipalities from suit for some claims. The recreational-use-immunity statute provides immunity from:

> Any claim based upon the construction, operation, or maintenance of any property owned or leased by the municipality that is intended or permitted to be used as a park, as an open area for recreational purposes, or for the provision of recreational services, or from any claim based on the clearing of land, removal of refuse, and creation of trails or paths without artificial surfaces, if the claim arises from a loss incurred by a user of park and recreation property or services.

Minn.Stat. § 466.03, subd. 6e. The statute also contains an exception: "Nothing in this subdivision limits the liability of a municipality for conduct that would entitle a trespasser to damages against a private person." *Id.*

Minnesota courts use the standard for liability to adult trespassers set forth in the *Restatement (Second) of Torts* § 335 (1965). *Green–Glo Turf Farms, Inc. v. State,* 347 N.W.2d 491, 494 (Minn.1984). Section 335 imposes liability when a possessor of land (1) creates or maintains an artificial condition, (2) that the possessor knows is likely to cause death or serious bodily harm, (3) where the possessor has reason to believe that trespassers will not discover the condition, and (4) the possessor has failed to warn of the condition and the risk involved. *Restatement (Second) of Torts* § 335. A landowner is liable only for failing to warn of such dangers. *Id.* A plaintiff must establish all of the elements of the trespasser-liability exception to recreational-use immunity to defeat an immunity claim. *Stiele ex rel. Gladieux v. City of Crystal,* 646 N.W.2d 251, 255 (Minn.App.2002).

The district court ruled that recreational-use immunity applied, that the trespasser-liability exception also applied, and that there were genuine issues of material fact on two elements of the trespasser-liability exception: (1) the existence of a defect likely to cause death or serious bodily harm; and (2) notice of a defect likely to cause death or serious bodily harm. The city argues that Krieger has failed to establish that: (1) a defect existed; (2) any defect was a condition likely to cause death or serious bodily harm; (3) the city had actual notice of a defect likely to cause death or serious bodily harm; (4) the city maintained the walkway in a defective condition; and (5) the defect was concealed. The city also argues that it is entitled to official immunity and statutory immunity.

We conclude that Krieger has failed to establish a genuine issue of material fact as to whether the defect was a condition likely to cause death or serious bodily harm and whether the city had actual notice of the defect. We decline to reach the city's remaining claims of error.

■ The district court determined that genuine issues of material fact exist because it could not conclude that the sidewalk gouge was *not* likely to cause death or serious bodily harm as a matter of law "because the characteristics of the depression or defect in this case are in question." We disagree and conclude that under this court's precedent, a gouge in a sidewalk, as a matter of law, is not an inherently dangerous condition likely to cause death or serious bodily harm.

This court concluded in *Johnson v. State* that a raised joint in a sidewalk was not a condition likely to cause death or serious bodily harm, 478 N.W.2d 769, 773 (Minn. App.1991), *review denied* (Minn. Feb. 27, 1992), noting that conditions found to satisfy this element "generally have inherently dangerous propensities, such as a high

voltage electrical wire." *Id.* We concluded that it is not enough that serious bodily harm *might* result, stating that "[t]he remote possibility that death or serious bodily harm could result any time a person falls does not make a raised sidewalk joint rise to the level of an inherently dangerous condition." *Id.* The city argues that a gouge in a sidewalk is analogous to a raised sidewalk joint and that, like the raised sidewalk joint in *Johnson,* a gouge in the walkway is not an inherently dangerous condition likely to cause death or serious bodily harm. We agree.

Krieger argues that the city's reliance on *Johnson* was unpersuasive before the district court because "the judges recognized that here we are dealing with some fairly aged users of the property." Krieger distinguishes her case from *Johnson* by emphasizing that in *Johnson,* the user of the recreational property was an "able-bodied adult female," and she is 78 years old. Krieger also argues, citing *Peterson v. Balach,* 294 Minn. 161, 199 N.W.2d 639 (1972), that "[t]he core concept of premises liability" is reasonable care under the circumstances and that the circumstances here, including the age of the entrants, show a risk of serious bodily injury. We reject these arguments.

Krieger points to no language, and we can find none, in the district court's order reflecting that the district court's reasoning was based on a conclusion that a risk of serious bodily injury existed in this case because the facility was used by a particularly vulnerable person. And *Johnson* does not stand for the proposition that the vulnerabilities of the injured party are relevant to the application of the elements of the trespasser-liability exception.

■ Krieger has provided no authority establishing that for purposes of the trespasser-liability exception, the dangerous-

ness of a condition is evaluated by considering the danger posed to particularly vulnerable users of recreational property. The authority cited by Krieger, *Peterson,* does not address the trespasser-liability exception. In *Peterson,* the supreme court abolished "the traditional distinctions governing licensees and invitees" in determining a landowner's duty to entrants and held that the landowner owes a duty of reasonable care to licensees and invitees. 294 Minn. at 164, 173–74, 199 N.W.2d at 642, 647. The supreme court specifically declined to "rule on the question of a landowner's duty toward trespassers." *Id.* at 164, 199 N.W.2d at 642. Because the duty at issue in this case is the duty owed to a trespasser, *Peterson* is not controlling. And we have found no authority establishing that a condition that might create a risk of death or serious bodily harm to particularly vulnerable users of recreational property constitutes an inherently dangerous condition for purposes of the trespasser-liability exception to recreational-use immunity. In the absence of contrary authority, we follow *Johnson* and conclude that a gouge in a sidewalk is not an inherently dangerous condition likely to cause death or serious bodily harm.

Because Krieger has not established that the gouge was a condition likely to cause death or serious bodily harm, she has failed to establish an element of the trespasser-liability exception to recreational-use immunity.

We need not address Krieger's remaining claims of error, but we will address her argument that the city had notice of the condition of the sidewalk, that is, the gouge. Krieger relies entirely on a constructive-knowledge standard and concedes that her case fails if an actual-knowledge standard is applied. Actual knowledge is required. *See Prokop v. In-*dep. *Sch. Dist. No. 625,* 754 N.W.2d 709, 715 (Minn.App.2008) (ruling, following most recent precedent on point, that actual knowledge is required). For this additional reason, we conclude that Krieger has failed to establish all the elements of the trespasser-liability exception to recreational-use immunity.

## DECISION

Because (1) a gouge in a sidewalk is not an inherently dangerous condition likely to cause death or serious bodily harm and (2) the element of actual knowledge of the landowner is not met in this case, Krieger has failed to establish two elements of the trespasser-liability exception to recreational-use immunity. We decline to adopt respondent's argument that for purposes of the trespasser-liability exception to recreational-use immunity, the dangerousness of a condition must be assessed by considering the danger to particularly vulnerable users of recreational property. Therefore, we conclude that the city is entitled to summary judgment.

**Reversed and remanded.**