CITY OF WOODBURY, Respondent,

v.

WOODBURY TOWNSHIP COMPANY, Appellant,

Federal Land Bank of St. Paul, Defendant.

No. 46996.

Supreme Court of Minnesota.

May 20, 1977.

John E. Daubney, St. Paul, for appellant.

Eckberg, Lammers, Briggs & Wolff and James F. Lammers, Stillwater, for respondent.

Heard before PETERSON, TODD and YETKA, JJ., and considered and decided by the court en banc.

YETKA, Justice.

The Woodbury Township Company appeals from an order denying its motion for summary judgment in assessment proceedings and denying its motion to set aside eminent domain proceedings pursuant to Minn.St. 117.105, subd. 2. We affirm.

This appeal presents this issue:

Whether by failing to move to set aside the report under § 117.105, subd. 2, or to appeal the award in the report under § 117.-145 within a period of 11 months, the respondent in a condemnation proceeding under c. 117 waives its right to challenge the report of the commissioners.

Minn.St. 117.105 requires the commissioners to file their report with the clerk of district court within 90 days from the date of their appointment, unless the petitioner applies for and is granted an extension. An appeal may be taken within 40 days from the filing of the report. § 117.145. On October 10, 1974, the city of Woodbury ("city") commenced condemnation proceedings to acquire a 10-foot-wide permanent easement for a storm sewer and a 30-foot-wide temporary construction easement through an 80-acre parcel of land owned by appellant, a limited partnership. The commissioners were appointed on November 7, 1974. By February, the commissioners had not agreed on the damages. On February 19, 1975 (more than 90 days after their appointment), the commissioners requested additional instructions from the district court. After receiving the instructions, the commissioners filed their report with the clerk of district court on March 31, 1975. The award was $4,000.

Contrary to Minn.St. 117.115, subd. 1,[1] however, the commissioners did not notify the city of the filing. On May 6, the city contacted the clerk of district court and learned of the filing. The same day the city's attorney telephoned the representative of appellant and informed him of the filing. The following day, the city served a copy of the report on appellant. No appeal, however, was filed at that time. On June 3, 1975, the attorney for the city advised appellant to file an appeal, should the May 7 date of mailing of the report be found to begin the 40-day appeal period. Once again, no appeal was taken. On June 20, 1975, the city tendered the commissioners' award of $4,000 to appellant, but the money was returned. The city then deposited the award with the district court pursuant to Minn.St. 117.155.

Subsequently, the city levied a sewer assessment against appellant's land for cost of the sewer installation. In response, appellant moved for a summary judgment on April 13, 1976, before the district court to declare the sewer assessment void on the grounds (1) that the condemnation award was invalid because of the failure of the

---

1. 117.115. "Subdivision 1. The commissioners shall, after notice to the petitioner, file their report with the clerk of district court and the petitioner shall pay the commissioners their fees and disbursements. The court shall determine any dispute concerning the fees and disbursements."

commissioners to file the report within the 90 days of their appointment, and (2) that appellant was denied due process and not given an opportunity to appeal because of the failure to give it timely notice of the commissioners' award. The district court denied appellant's motion, holding (1) that the failure of the commissioners to file their report within 90 days placed the burden on appellant to move to have the proceedings set aside, citing Minn.St. 117.105,[2] and (2) that the 4-day period after appellant was informed of the commissioners' report was sufficient to allow a filing of an appeal and, alternatively, that if it was not sufficient, that appellant waived its right to attack the condemnation proceeding by failing to move the court to set aside the award at that time and instead attacking the assessment proceeding 10 months later. Appellant thereupon moved the trial court for an order setting aside the condemnation proceedings under Minn.St. 117.105, subd. 2. The district court denied this motion on June 22, 1976. Appellant appeals to this court from the order denying its motion for summary judgment and from the order denying its motion to set aside the eminent domain proceedings.[3]

 The trial court held the failure of the commissioners to notify the city of the filing of the report made the proceedings voidable, basing its decision on Minn.St. 117.105, subd. 2. The trial court's interpretation of this section as making the procedure voidable is the clear meaning of the provision. The statute places the burden on the petitioner to insure the commissioners file their award within the time limit set pursuant to § 117.05, subd. 1, or to get a time extension, at the risk of having the award vacated. Once the late award is filed, the statute places the burden on the *owner* to move to set aside the award. This must be done within a reasonable time. Appellant contends it did not have sufficient time to appeal and thus suffered a practical denial of justice. It did not, however, file an appeal from the award at any time, nor did it move to set aside the report until 11 months later. If it had acted earlier, the relief it requests might have been available. By delaying, appellant waived its right to challenge the report.

The trial court is affirmed.

**2.** Minn.St. 117.105, provides: "Subdivision 1. The report of the commissioners shall be filed with the clerk of district court within 90 days from the date of the order appointing the commissioners, unless such order otherwise prescribes, but for cause shown upon written motion of the petitioner and not less than three days notice thereof duly served by mail or otherwise upon such respondents, or their attorneys who entered an appearance at the hearing on the petition or notified the petitioner of their formal appearance, the court may extend the time for making and filing the report. If the petitioner serves such motion and notice thereof by mail, such service shall be at least six days prior to the date of the hearing on the motion.

"Subd. 2. If the commissioners fail to file their report within the time provided by the order appointing the commissioners, or within any extension of time to file granted by the court, any owner may upon motion, after due notice to the petitioner, have the proceedings set aside as to him; but, for cause shown, the court may extend the time for making their report. If the proceedings are set aside as to any individual owner, he shall be entitled to reimbursement for reasonable costs and disbursements including attorney's fees."

**3.** An order denying summary judgment is an interlocutory order and thus usually not appealable, e. g., *In re Estate and Guardianships of Williams,* 254 Minn. 272, 95 N.W.2d 91 (1959). Also, an order denying a motion to set aside the report of the commissioners is not usually an appealable order, e. g., *Fletcher v. Chicago, St. Paul, M. & O. Ry. Co.,* 67 Minn. 339, 347, 69 N.W. 1085, 1088 (1897). In this instance, however, the appeal is proper under Rule 103.03(d), Rules of Civil Appellate Procedure, as an appeal from an order involving the merits of the action.