**James McGOVERN, et al., Respondents,**

v.

**CITY OF MINNEAPOLIS, et al., Petitioners–Appellants,**

**Special Agent James Braseth, et al., Defendants.**

No. C5–91–37.

Supreme Court of Minnesota.

Sept. 27, 1991.

Gail Langfield, Marshall & Associates, P.A., Circle Pines, for petitioners-appellants.

R. James Jensen Jr., R. James Jensen, Jr. & Associates, St. Paul, for respondents.

KEITH, Chief Justice.

In this case the court of appeals—relying on its own decision in *Johnson v. Northside Residents Redevelopment Council*, 467 N.W.2d 826 (Minn.App.1991)—held, in relevant part, that although an order in a civil suit denying a defense motion for summary judgment based on a claim of immunity from suit under 42 U.S.C. § 1983 is immediately appealable by the defense, an order denying a defense motion for summary judgment based on nonfederal claims of governmental discretionary act immunity and official immunity is not immediately appealable by the defense. We reverse that part of the court of appeals' decision and remand to the court of appeals for further proceedings consistent with this opinion.

In *Anderson v. City of Hopkins*, 393 N.W.2d 363 (Minn.1986), we allowed a pretrial appeal of an order denying a civil defendant's federal-law claim that a suit under 42 U.S.C. § 1983 should be dismissed on the ground of qualified immunity from suit. We relied upon the reasoning of *Mitchell v. Forsyth*, 472 U.S. 511, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985), that immediate appeal is necessary because immunity *from suit* is lost if the case goes to trial. *Mitchell* reasoned that the consequences of litigation for officials are not limited to liability for damages; those consequences:

> include "the general costs of subjecting officials to the risks of trial—distraction of officials from their governmental duties, inhibition of discretionary action, and deterrence of able people from public service." Indeed, *Harlow* emphasizes that even such pretrial matters as discovery are to be avoided if possible, as "[i]nquiries of this kind can be peculiarly destructive of effective government."

472 U.S. at 526, 105 S.Ct. at 2815 quoting (*Harlow v. Fitzgerald*, 457 U.S. 800, 816–17, 102 S.Ct. 2727, 2737, 73 L.Ed.2d 396 (1982)). In relying on *Mitchell*, we said that it was a "well-reasoned case that *ought* to be followed in analogous cases in interpreting Minn.R.Civ.App.P. 103.03, without regard to whether it *must* be followed." 393 N.W.2d at 364 (emphasis in original).

Subsequently, the court of appeals distinguished the appealability of an order denying a motion for summary judgment based on a claim of immunity from suit under federal law from the appealability of an

order denying a motion for summary judgment based on a claim under state law, *e.g.*, a claim of governmental "discretionary act" immunity. We granted review and remanded to the court of appeals, stating that "the court of appeals' analysis of *Anderson v. City of Hopkins,* 393 N.W.2d 363 (Minn.1986), is overly restrictive and * * * the order of the trial court denying a motion for summary judgment based upon a claim of immunity should be reviewed at this stage of the proceedings * * *." *Manji v. Normandale Community College,* Case No. C0–88–1473 (Minn., filed January 19, 1989) (order remanding to court of appeals for review on the merits).

Similarly, we believe the court of appeals' conclusion that an order denying a defense motion for summary judgment based on nonfederal claims of governmental discretionary act immunity and official immunity is not immediately appealable by the defense is overly restrictive.

Reversed in part and remanded to court of appeals for further proceedings.