Linda **MARTIN**, as Trustee for the heirs of Daniel Martin, deceased, Respondent,

v.

**SPIRIT MOUNTAIN RECREATION AREA AUTHORITY, Appellant.**

No. C8–94–1827.

Court of Appeals of Minnesota.

Feb. 7, 1995.

Review Denied March 29, 1995.

Frederick J. Goetz, Voss and Goetz, P.A., Minneapolis, for respondent.

William P. Dinan, City Atty., M. Alison Lutterman, Asst. City Atty., Duluth, for appellant.

Considered and decided by HARTEN, P.J., and PARKER, and KALITOWSKI, JJ.

## OPINION

KALITOWSKI, Judge.

Appellant Spirit Mountain Recreational Authority contends it is immune from respondent Linda Martin's wrongful death claim and therefore the district court erred in denying its motion for summary judgment.

## FACTS

Appellant is a public authority created in 1973 for the purpose of developing wide-range recreational facilities, aiding the economy of northeastern Minnesota, and preserving the environment in the area. It is controlled by the City of Duluth and currently owns and operates a large downhill ski area, with multiple trails and chair lifts.

In January 1991, Daniel Martin was skiing on one of appellant's trails when he lost control and fell. Martin slid some distance before going off the trail and into a grove of trees. The collision with the trees resulted in Martin's death.

Respondent, acting as the trustee for Martin's heirs, brought a wrongful death action based upon appellant's alleged negligence in failing to warn of the danger and properly maintain the trails. Appellant moved for summary judgment, based in part on the parks and recreation immunity provided in Minn.Stat. § 466.03, subd. 6e (1992). The district court's denial of that motion is appealed pursuant to *McGovern v. City of Minneapolis*, 475 N.W.2d 71 (Minn.1991) (order denying governmental motion for summary judgment based on claim of immunity is immediately appealable).

## ISSUES

1. Is appellant immune from tort liability under the parks and recreation immunity statute?

2. If the immunity statute applies, did appellant breach the duty it owed to the deceased?

## ANALYSIS

On appeal from summary judgment, this court determines whether there are any genuine issues of material fact, and whether the district court erred in its application of the law. *Offerdahl v. University of Minn. Hosps. & Clinics*, 426 N.W.2d 425, 427 (Minn.1988). This court need not defer to the district court's decision regarding a question of law. *Frost–Benco Elec. Ass'n v. Minnesota Pub. Utils. Comm'n*, 358 N.W.2d 639, 642 (Minn.1984).

### I.

As a general rule, every municipality is liable for its torts, whether arising out of a governmental or proprietary function. Minn. Stat. § 466.02 (1992). An exception to this rule is parks and recreation immunity, whereby a municipality is immune from

> [a]ny claim based upon the * * * operation, or maintenance of any property owned * * * by the municipality that is intended or permitted to be used as a park, as an open area for recreational purposes, or for the provision of recreational services, * * * if the claim arises from a loss incurred by a user of park and recreation property or services. Nothing in this subdivision limits the liability of a municipality for conduct that would entitle a tres-

passer to damages against a private person.

Minn.Stat. § 466.03, subd. 6e.

It is undisputed that appellant is a municipality, and that it owns, operates and maintains the property at issue. The central dispute is whether the property can be defined as a "park," an "open area [used for] recreational purposes," or property that provides "recreational services."

■ One of the purposes in creating Spirit Mountain Recreation Area Authority was "[t]he development of wide-range recreational facilities." 1973 Minn.Laws Ch. 327, § 1. It is undisputed that appellant provides persons with the opportunity to participate in downhill skiing, which is a recreational activity. Thus, the property was intended, and is permitted, to be used for the provision of recreational services. The plain language of Minn.Stat. § 466.03, subd. 6e provides appellant protection against respondent's claims.

■ Respondent argues, and the district court agreed, that appellant should not be immune from liability because, like private downhill skiing facilities, it is an intensely managed proprietary operation that charges a substantial fee for its use. We disagree. First, because the statute's language is clear and free from ambiguity we cannot construe or interpret the language, as urged by respondent. *Tuma v. Commissioner of Economic Sec.*, 386 N.W.2d 702, 706 (Minn.1986). In addition, the factors mentioned by the district court are irrelevant to determining municipal immunity. Since 1963, municipalities have been liable for their torts regardless of whether they arise out of proprietary or governmental functions, unless an exception applies. Minn.Stat. § 466.02; *see also Spanel v. Mounds View Sch. Dist. No. 621*, 264 Minn. 279, 292, 118 N.W.2d 795, 803 (1962) (supreme court gave notice of its intent to overrule doctrine of sovereign tort immunity). If the legislature wanted large municipal recreational areas to be subject to the same tort liability as their private counterparts, it could have provided so in the law.

■ Respondent also argues that the legislature never intended for parks and recreation immunity to be applied to artificially improved municipal property. The statute, however, makes no distinction between natural and artificially improved recreational property. Minn.Stat. § 466.03, subd. 6e. Further, parks and recreation immunity has been applied to claims arising out of the use of artificial conditions. *See Johnson v. Washington County*, 518 N.W.2d 594, 598 (Minn.1994) (county immune from wrongful death claim arising out of drowning at artificial swimming pond in county park).

Finally, respondent argues that applying immunity violates equal protection. Because this argument was not presented to, nor addressed by, the district court, we will not consider it here. *Thiele v. Stich*, 425 N.W.2d 580, 582 (Minn.1988). The district court's order denying summary judgment on the grounds that parks and recreation immunity does not apply is reversed.

## II.

■ Although parks and recreation immunity applies to appellant, it is still liable for its conduct to the extent a private person is liable to a trespasser. Minn.Stat. § 466.03, subd. 6e. The standard to be applied is the general trespasser standard of Restatement (Second) of Torts § 335 (1965). *Johnson*, 518 N.W.2d at 599. Under this standard,

> a landowner will be liable only for failing to exercise reasonable care to warn trespassers about hidden, artificial dangers created or maintained by the landowner.

*Id.* (quoting *Sirek v. State Dep't of Natural Resources*, 496 N.W.2d 807, 810 (Minn.1993)).

This issue was presented to the district court in appellant's motion for summary judgment, but was not addressed in the court's order. Therefore, we remand for such proceedings as the district court deems necessary to determine whether summary judgment is appropriate.

## DECISION

The district court's order denying summary judgment is reversed and the case is remanded for determination of appellant's

liability under the general trespasser standard.

**Reversed and remanded.**