**Thaurtha CARTER, Respondent,**

v.

**Robin COLE, et al., Appellants.**

**No. CO–94–1580.**

Court of Appeals of Minnesota.

Jan. 10, 1995.

Review Granted March 14, 1995.

Roderick J. MacPherson, III, Kristin Nering Lockhart, Brosnahan, Joseph, Lockhart, Suggs, Minneapolis, for respondent.

Surell Brady, Minneapolis City Atty., Edward A. Backstrom, Asst. City Atty., Minneapolis, for appellants.

Considered and decided by CRIPPEN, P.J., and HARTEN and MULALLY,* JJ.

* Retired judge of the district court, serving as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 10.

## OPINION

CRIPPEN, Judge.

Respondent Thaurtha Carter sued the City of Minneapolis and four of its police officers seeking damages under 42 U.S.C. § 1983 and state common law, on claims that he was beaten when the police executed a search warrant at his home. Two of the officers appeal from an order denying their motion for summary judgment, arguing solely that there is insufficient evidence in the record to permit an inference that they committed the acts alleged by respondent. This order is not appealable and we dismiss the appeal for lack of jurisdiction.

## FACTS

In July 1991, eight officers of the Minneapolis Police Department, including defendant Officers Robin Cole, Edward Nelson, Thomas Rice and Sergeant (now Lieutenant) Michael Sauro, executed a search warrant at a Minneapolis duplex. Respondent resided in the upstairs apartment of this duplex and was standing in his front yard talking with his neighbor, Benson Crawford, when the police arrived. The officers ordered respondent and Crawford to lie on the ground and handcuffed them behind their backs.

A verbal exchange ensued between the officers and respondent. This episode was apparently quite loud and a crowd was beginning to gather. Sergeant Sauro came out to the front of the house to determine the cause of the commotion and ordered Officers Cole and Nelson to take respondent inside.

Cole and Nelson took respondent, still handcuffed, around the side of the house to the kitchen door of the lower unit. Cole was on respondent's left and Nelson was on his right. Respondent testified in his deposition that he heard someone else walking behind him but could not see who it was. Respondent claims he did not struggle or resist the officers. As they approached the kitchen door, respondent claims he was hit once on the back of the neck and twice on the left side of his face, but he did not see which of the officers struck him.

It is undisputed that respondent suffered serious injuries to his face during the execution of the search warrant. The officers deny hitting respondent or observing anyone hitting him. Cole and Nelson have stated that respondent was struggling and uncooperative and would not lie down on the kitchen floor. They claim they used a leg sweep to subdue respondent, causing Cole to lose his balance and land on respondent. They maintain respondent sustained his injuries when he fell to the floor and Cole landed on him. Nelson and Cole have also stated that they were the only officers present when respondent was injured.

The defendants brought a motion for summary judgment that the trial court granted in part and denied in part. Nelson and Sauro appeal from the trial court's denial of their summary judgment motion on respondent's section 1983 excessive force claim. Sauro also appeals from the denial of his motion on the common law assault, negligence, and failure to protect claims.[1] Nelson argues that given the location of respondent's injuries, there is no evidence permitting the jury to infer that he struck respondent. Sauro argues there is no evidence permitting the inference that he was present during the alleged beating; respondent counters that the jury could infer that Sauro was the third person he heard walking behind him.

## ISSUE

Can an order denying a government official's motion for summary judgment be appealed before trial solely on the finding that there is a genuine issue of material fact whether the official committed the acts alleged by the plaintiff?

## ANALYSIS

 Respondent sued appellants Sauro and Nelson under 42 U.S.C. § 1983 (1988).

1. Initially, Officer Rice also appealed from the denial of his motion for summary judgment on the section 1983 excessive force claim and several common law claims. But in light of the trial court's decision to grant Rice's motion for summary judgment on another section 1983 claim, respondent agreed to dismiss all remaining counts against Rice. At oral argument, respondent made clear that he reserved the right to appeal the trial court's decision to grant Rice summary judgment on the other section 1983 claim once final judgment has been entered.

The use of excessive force by police officers constitutes a violation of the Fourth Amendment right to be free from unreasonable seizure and is actionable under section 1983. *Graham v. Connor*, 490 U.S. 386, 395, 109 S.Ct. 1865, 1871, 104 L.Ed.2d 443 (1989). The test for determining whether police officers have violated the Fourth Amendment by using excessive force is "whether the officers' actions are 'objectively reasonable' in light of the facts and circumstance confronting them, without regard to their underlying intent or motivation." *Id.* at 397, 109 S.Ct. at 1872. The "reasonableness" of the conduct must be judged "from the perspective of a reasonable officer on the scene." *Id.* at 396, 109 S.Ct. at 1872.

 Government officials, including police officers, enjoy a qualified immunity from suit under section 1983. *Pierson v. Ray*, 386 U.S. 547, 555–57, 87 S.Ct. 1213, 1218–19, 18 L.Ed.2d 288 (1967). The test for qualified immunity is also an objective one. Government officials performing discretionary functions generally are shielded from liability for civil damages if their conduct "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982). The burden of proving qualified immunity is on the official seeking to invoke it. *Doe v. Taylor Independent School District*, 975 F.2d 137, 141 (5th Cir. 1992), *reh'g granted*, 987 F.2d 231, *aff'd in part, rev'd in part on other grounds, & remanded*, 15 F.3d 443 (5th Cir.1994).

 Qualified immunity is both a defense to liability and an immunity from suit. *See Mitchell v. Forsyth*, 472 U.S. 511, 526, 105 S.Ct. 2806, 2815, 86 L.Ed.2d 411 (1985). Because a determination that an official is not entitled to qualified immunity finally determines the official's right to avoid standing trial on the suit, such an order is generally found to be appealable. *Id.* at 530, 105 S.Ct. at 2817; *Anderson v. City of Hopkins*, 393 N.W.2d 363, 364 (Minn.1986).

 Normally, evaluating a claim of qualified immunity involves two inquiries: (1) "whether the plaintiff has alleged the viola-tion of a clearly established constitutional right"; and (2) whether an officer could reasonably have believed his actions were lawful "in light of clearly established law and the information [he] possessed." *See Baker v. Chaplin*, 517 N.W.2d 911, 914 (Minn.1994) (citations omitted).

An appellate court reviewing the denial of the defendant's claim of immunity need not consider the correctness of plaintiff's version of the facts, nor even determine whether the plaintiff's allegations actually state a claim. All it need determine is a question of law: whether the legal norms allegedly violated by the defendant were clearly established at the time of the challenged actions or, in cases where the district court has denied summary judgment for the defendant on the ground that even under the defendant's version of the facts the defendant's conduct violated clearly established law, whether the law clearly proscribed the actions the defendant claims he took.[9]

\* \* \* \* \* \*

(Footnote) 9: We emphasize at this point that the appealable issue is a purely legal one: whether the facts alleged (by the plaintiff or, in some cases, the defendant) support a claim of violation of clearly established law.

*Mitchell*, 472 U.S. at 528, 105 S.Ct. at 2816.

The trial court found that if one or more of the officers struck respondent while he was handcuffed and cooperative, as he alleged, then the officers would have violated clearly established constitutional law and no reasonable officer could believe those acts would not violate the law. Appellants do not dispute this conclusion. The trial court went on to decide that respondent had come forward with sufficient evidence to create a genuine issue for trial whether either Nelson or Sauro in fact participated in the alleged assault. It is only this latter decision which appellants seek to appeal.

 The trial court's finding of a genuine fact issue constitutes a determination that the plaintiff has produced sufficient evidence on the merits of his lawsuit to survive a motion for summary judgment. And the de-

cision that claims are sufficiently proven to create a genuine fact issue is ordinarily not an appealable order. *City of Woodbury v. Woodbury Township Co.*, 254 N.W.2d 385, 387 n. 3 (Minn.1977).

 Minnesota does not favor interlocutory appeals and our appellate courts have "consistently dismissed appeals from orders that did not finally determine either the action or some positive legal right of the appellant relating to such action." *Emme v. C.O.M.B., Inc.*, 418 N.W.2d 176, 178 (Minn. 1988) (citations omitted).

> Pretrial appeals may cause disruption, delay, and expense for litigants; they also burden appellate courts by requiring immediate consideration of issues which may become moot or irrelevant by the end of trial. Finally, requiring complete disposition of the case prior to appeal protects the strong interest in allowing trial judges to supervise pretrial and trial procedures without undue influence.

*Id.* at 179 (citing *Stringfellow v. Concerned Neighbors in Action*, 480 U.S. 370, 380, 107 S.Ct. 1177, 1184, 94 L.Ed.2d 389 (1987)). While Minnesota recognizes the right of a government official to an interlocutory appeal from denial of summary judgment based on federal qualified immunity, *Anderson*, 393 N.W.2d at 364, and state common law immunities, *McGovern v. City of Minneapolis*, 475 N.W.2d 71, 73 (Minn.1991), we find no case law allowing a governmental official an interlocutory appeal from a motion denying summary judgment where the only issue raised on appeal is the sufficiency of the evidence on the factual allegations. An order denying a motion for summary judgment on the factual merits does not become appealable merely because the motion is couched in terms of qualified immunity.

> Qualified immunity * * * establishes a right not to be tried. When rules of law clearly establish public officials' duty, the immunity defense is unavailable. So, too, the interlocutory appeal to vindicate the right not to be tried is unavailable when there is no legal uncertainty; there is no separate 'right not to be tried' on the question whether the defendants did the deeds alleged; that is *precisely* the question for trial. By sleight of hand you can turn any defense on the merits into a defense of qualified immunity.

*Elliott v. Thomas*, 937 F.2d 338, 341 (7th Cir.1991), *cert. denied* 502 U.S. 1121, 112 S.Ct. 1242, 117 L.Ed.2d 475 (1992) (emphasis in original) (appeal dismissed for lack of appellate jurisdiction).[2]

 We observe that the Eighth Circuit will review the denial of a motion for summary judgment based solely on the factual merits of the suit in an interlocutory appeal. *Gometz v. Culwell*, 850 F.2d 461 (8th Cir.1988); *Wright v. South Ark. Regional Health Ctr.*, 800 F.2d 199 (8th Cir.1986). The Minnesota Supreme Court has declined to decide whether Minnesota courts are required to follow the federal law of appellate jurisdiction in section 1983 suits, but has directed the appellate courts of this state to follow *Mitchell* "in analogous cases". *Anderson*, 393 N.W.2d at 364. We do not read *Mitchell* to authorize an interlocutory appeal from denial of a motion for summary judgment on the factual merits, and we are required to follow *Mitchell* until directed otherwise by our supreme court.[3]

---

**2.** One of the matters decided in *Elliott* involved a plaintiff who claimed he had been beaten by the police when he was arrested. The defendant officers moved for summary judgment and produced evidence which they claimed showed plaintiff's injuries predated his arrest and that he suffered no injury at their hands. 937 F.2d at 340. The district court disagreed and denied the motion, holding that there was a genuine issue about what happened when plaintiff was arrested. *Id.* at 341. On appeal from the order denying the officers' motion for summary judgment, the appellate court held that no reasonable police officer could believe cuffing a suspect in the ear without provocation so as to puncture his eardrum, as alleged by the plaintiff, would not violate clearly established law. *Id.* at 343. The only dispute was whether the officers actually struck the plaintiff and whether the blow caused injury, issues which were outside the scope of appellate jurisdiction on an interlocutory appeal. *Id.*

**3.** In *Mitchell,* the United States Supreme Court stated:

> Unless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery. Even if the plaintiff's complaint adequately alleges the commission of acts that violated

Moreover, although state courts hearing section 1983 claims are bound to apply substantive federal law as developed in the federal courts, the states have great latitude to determine the jurisdiction of their own courts and "may apply their own neutral procedural rules to federal claims, unless those rules are preempted by federal law." *Howlett by Howlett v. Rose*, 496 U.S. 356, 372, 110 S.Ct. 2430, 2441, 110 L.Ed.2d 332 (1990) (citations omitted). An interlocutory appeal from an order denying a motion for summary judgment on the factual merits of the suit does not implicate any substantive rights guaranteed by federal qualified immunity law. *See Harlow*, 457 U.S. at 818–19, 102 S.Ct. at 2738 ("If the law was clearly established, the immunity defense ordinarily should fail."); *Elliott*, 937 F.2d at 341 (no "right not to be tried" on whether the defendants committed the acts alleged). Minnesota's law of appellate jurisdiction and procedure is applicable in this case and is not preempted by federal law.

Sauro also appeals from the trial court's denial of his motion for summary judgment on the common law tort claims based on Minnesota's official immunity law. Under the official immunity doctrine "a public official charged by law with duties which call for the exercise of his discretion is not personally liable to an individual for damages unless he is guilty of a willful or malicious wrong." *Susla v. State*, 311 Minn. 166, 175, 247 N.W.2d 907, 912 (1976). In the context of official immunity, willful and malicious are synonymous. *Rico v. State*, 472 N.W.2d 100, 107 (Minn.1991). Malice is "nothing more than the intentional doing of a wrongful act without legal justification or excuse, or, otherwise stated, the willful violation of a known right." *Id.* (quoting *Carnes v. St. Paul Un-*

*ion Stockyards Co.*, 164 Minn. 457, 462, 205 N.W. 630, 631 (1925)).

As with qualified immunity, the trial court concluded that if the jury found that respondent was struck while he was handcuffed and cooperative the officers would be guilty of a willful or malicious violation of a known right and official immunity would not protect them. Sauro claims he is entitled to official immunity because there is no evidence he struck respondent. As with qualified immunity, this determination is unrelated to official immunity and is, therefore, not appealable in an interlocutory appeal.

In support of his motion for summary judgment on the assault and negligence claims, Sauro advances additional arguments that are unrelated to official immunity. He requests that we review these determinations in "the interest of justice". *See* Minn.R.Civ. App.P. 103.04. But we have no jurisdiction to hear Sauro's immunity claims so we cannot exercise discretionary jurisdiction to consider these other arguments.

### DECISION

We cannot assert jurisdiction to entertain this appeal. Nelson and Sauro seek review only of the trial court's determination that respondent has produced sufficient evidence to avoid a summary judgment on the factual merits of his lawsuit. That determination is unrelated to legal questions on qualified or official immunity and for purposes of appellate jurisdiction is treated like any other order denying summary judgment.

**Appeal dismissed.**

---

clearly established law, the defendant is entitled to summary judgment if discovery fails to uncover evidence sufficient to create a genuine issue as to whether the defendant in fact committed those acts.

472 U.S. at 526, 105 S.Ct. at 2815 (citation omitted). Based on this language, appellant argues that review of a motion for summary judgment based on qualified immunity may involve either of two issues: (1) does the plaintiff's complaint allege a violation of clearly established law? (2) is there a genuine issue of material fact whether the defendant committed the acts al-

leged by plaintiff? *See Russo v. City of Cincinnati*, 953 F.2d 1036, 1043 (6th Cir.1992). We agree that the trial court should consider both the legal and factual aspects of qualified immunity on a motion for summary judgment. And we need not decide here whether denial of immunity on factual considerations may be reviewed by interlocutory appeal when accompanied by the claim that the trial court denied immunity on an erroneous proposition of law. The appellate court does not have jurisdiction by interlocutory appeal solely to review denial of a motion for summary judgment on the factual issue.