Timothy **SCHAFFER**, Respondent,

v.

**SPIRIT MOUNTAIN RECREATION AREA AUTHORITY**, Appellant.

No. C4–95–1513.

Court of Appeals of Minnesota.

Dec. 26, 1995.

Harlan M. Goulett, Stoneking & Goulett, P.A., Minneapolis, for respondent.

William P. Dinan, Duluth City Attorney, M. Alison Lutterman, Assistant City Attorney, Duluth, for appellant.

Considered and decided by SCHUMACHER, P.J., TOUSSAINT, C.J., and HUSPENI, J.

## OPINION

SCHUMACHER, Judge.

Spirit Mountain Recreation Area Authority appeals the district court's denial of its motion for summary judgment, arguing it is immune from tort liability under the parks and recreation areas immunity statute, Minn. Stat. § 466.03, subd. 6e (1994). We reverse.

## FACTS

Sarah Schaffer injured her knee while skiing with her parents at Spirit Mountain Ski

Area, which is managed by Spirit Mountain Recreation Area Authority. She was 14 years old at the time of the injury.

The accident happened at the bottom of a run where several trails merge. On the right-hand side of a groomed trail, Sarah fell and slid into a metal barrel that covers a water hydrant used in a snow-making system. The hydrants are located at intervals of 200 to 300 feet. Sarah testified at a deposition that she did not see the barrel before she hit it. Photographs taken the day of the accident show that the barrel was clearly visible.

A negligence action was brought by respondent Timothy Schaffer on behalf of his daughter Sarah against Spirit Mountain. Spirit Mountain moved for summary judgment, arguing that (1) Sarah had assumed the risk, and (2) the parks and recreation areas immunity provision, Minn.Stat. § 466.03, subd. 6e, barred the claim. The district court denied the motion. Regarding Spirit Mountain's claim of immunity, the district court stated:

> Section 466.02 abolishes the Common Law distinction between governmental and proprietary functions. Section 466.03 creates exceptions and thus preserves this distinction as to the enumerated claims. Operating a ski hill, on a fee basis, is clearly proprietary and for which the City can be [held] liable * * *.

Spirit Mountain appeals that part of the order pertaining to the immunity defense.

## ISSUE

Is Spirit Mountain immune from tort liability under the parks and recreation areas immunity statute?

## ANALYSIS

 A public authority is a municipality for purposes of governmental immunity. Minn.Stat. § 466.01, subd. 1 (1994). A municipality is entitled to immediate review of an order rejecting an immunity claim. *McGovern v. City of Minneapolis*, 475 N.W.2d 71, 72–73 (Minn.1991). In an appeal involving summary judgment, this court considers whether there are any genuine issues of material fact and whether the district court

erred in applying the law. *State by Cooper v. French*, 460 N.W.2d 2, 4 (Minn.1990).

Generally, municipalities are liable for their torts. Minn.Stat. § 466.02 (1994). The statute provides:

> Subject to the limitations of sections 466.01 to 466.15, every municipality is subject to liability for its torts and those of its officers, employees and agents acting within the scope of their employment or duties whether arising out of a governmental or proprietary function.

*Id.* The next section, Minn.Stat. § 466.03 (1994), lists a number of exceptions granting municipalities immunity from liability. The first subdivision states:

> **Scope.** Section 466.02 does not apply to any claim enumerated in this section. As to any such claim every municipality shall be liable only in accordance with the applicable statute and where there is no such statute, every municipality shall be immune from liability.

*Id.,* subd. 1. One of the enumerated exceptions relates to immunity for parks and recreation areas. Under the statute:

> Any claim based on the construction, operation, or maintenance of any property owned or leased by the municipality that is intended or permitted to be used as a park, as an open area for recreational purposes, or for the provision of recreational services, or from any claim based on the clearing of land, removal of refuse, and creation of trails or paths without artificial surfaces, if the claim arises from a loss incurred by a user of park and recreation property or services. Nothing in this subdivision limits the liability of a municipality for conduct that would entitle a trespasser to damages against a private person.

*Id.,* subd. 6e.

 The district court reasoned that the distinction between governmental and proprietary functions survives in the exceptions to Minn.Stat. § 466.02. Section 466.03 provides, however, that section 466.02—allowing municipal tort liability—"does not apply to *any claim* enumerated in this section." Minn.Stat. § 466.03, subd. 1 (emphasis add-

ed). We are persuaded that if the legislature intended to retain the distinction between governmental and proprietary functions, it would have worded the statute accordingly.

Furthermore, we find that the district court's conclusion is inconsistent with *Martin v. Spirit Mountain Recreation Area Auth.,* 527 N.W.2d 167 (Minn.App.1995), *review denied* (Minn. Mar. 29, 1995). In *Martin,* this court rejected an argument that Spirit Mountain should be liable for a skier's death because "it is an intensely managed proprietary operation that charges a substantial fee for its use." *Id.* at 169. The court stated:

> If the legislature wanted large municipal recreational areas to be subject to the same tort liability as their private counterparts, it could have provided so in the law.

*Id.*

Schaffer argues that even if the district court erred in its analysis, its decision should nonetheless be upheld because the "trespasser" exception to the parks and recreation areas immunity applies in this case. *See Myers v. Price,* 463 N.W.2d 773, 775 (Minn. App.1990) (appellate court will affirm district court's decision if it can be sustained on any grounds), *review denied* (Minn. Feb. 4, 1991). The last sentence of the statutory subdivision granting immunity to municipalities for parks and recreation areas provides:

> Nothing in this subdivision limits the liability of a municipality for conduct that would entitle a trespasser to damages against a private person.

Minn.Stat. § 466.03, subd. 6e. In other words, Spirit Mountain is liable to the extent a private person would be liable to a trespasser. *Martin,* 527 N.W.2d at 169.

■ Schaffer argues the child trespasser standard found in Restatement (Second) of Torts § 339 (1965) should apply rather than the general trespasser standard found in section 335. Section 339, however, does not apply to situations that " 'may reasonably be expected to be understood and appreciated by any child of an age to be allowed at large.' " *Sirek v. State, Dep't of Natural Resources,* 496 N.W.2d 807, 811 (Minn.1993) (quoting Restatement (Second) of Torts § 339 cmt. j (1965)). The condition here is

one that should be appreciated by children who are allowed to ski without adult supervision. Thus, section 339 is inapplicable and we apply the general trespasser standard of section 335. Section 335 provides that a possessor of land is subject to liability for bodily harm caused to a trespasser by an artificial condition on the land if

(a) the condition

(i) is one which the possessor has created or maintains and

(ii) is, to his knowledge, likely to cause death or serious bodily harm to such trespassers and

(iii) is of such a nature that he has reason to believe that such trespassers will not discover it and,

(b) the possessor has failed to exercise reasonable care to warn such trespassers of the condition and the risk involved.

*Id.* Under this standard,

> "a landowner will be liable only for failing to exercise reasonable care to warn trespassers about hidden, artificial dangers created or maintained by the landowner."

*Johnson v. Washington County,* 518 N.W.2d 594, 599 (Minn.1994) (quoting *Sirek,* 496 N.W.2d at 810). The plaintiff bears the burden of establishing that all of the elements of section 335 have been met in order to defeat an immunity claim. *Martinez v. Minnesota Zoological Gardens,* 526 N.W.2d 416, 418 (Minn.App.1995), *review denied* (Minn. Mar. 29, 1995).

Spirit Mountain argues that the district court erred in denying its motion for summary judgment because there are no genuine issues of material fact. We agree.

■ We recognize that Sarah testified that she did not see the metal object until she hit it. But

> whether a condition was hidden depends on whether the condition was visible, not on whether the injured party actually saw the danger.

*Steinke v. City of Andover,* 525 N.W.2d 173, 177 (Minn.1994). If "a brief inspection would have revealed the condition, it is not concealed." *Johnson v. State,* 478 N.W.2d 769, 773 (Minn.App.1991), *review denied* (Minn.

Feb. 27, 1992). Moreover, trespassers are required to be alert to conditions existing upon the land. *Sirek*, 496 N.W.2d at 812 (citing Restatement (Second) of Torts § 335 cmt. f (1965)).

■ There is no evidence to support a conclusion that the barrel was a hidden hazard. Photographs taken the day of the accident show that a large portion of the barrel was visible, and it had a yellow top. *See Johnson v. State*, 478 N.W.2d at 773 (raised sidewalk joint could have easily been discovered and was not concealed condition); *Watters v. Buckbee Mears Co.*, 354 N.W.2d 848, 851 (Minn.App.1984) (vertical drop in dirt hill was not concealed because brief inspection would have revealed it).

## DECISION

The metal object was not a hidden hazard and Spirit Mountain is thus immune and entitled to summary judgment.

**Reversed.**