MADDOX, Justice
(concurring in the judgment and in Part I of the opinion; dissenting from Part II of the opinion).
I concur in the judgment directing the circuit court to dismiss Rorer’s counterclaim against the Franklin County Department of Human Resources. I must respectfully dissent from the majority’s refusal to adopt the collateral order doctrine.
As the majority states, the Franklin County Department of Human Resources, along with the attorney general, has asked this Court to treat its petition as an interlocutory appeal and has urged the Court to adopt the collateral order doctrine employed by the federal courts to determine whether to review orders denying claims of immunity.
The collateral order doctrine was most recently described in Johnson v. Jones, 515 U.S. -, -— , 115 S.Ct. 2151, 2155, 132 L.Ed.2d 238 (1995), as applying to “special ‘collateral orders’ ” that “ ‘finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated,’ ” quoting Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 546, 69 S.Ct. 1221, 1225-26, 93 L.Ed. 1528 (1949). The Court further opined-in Johnson:
“More recently, this Court has restated Cohen as requiring that the order ‘ “[1] conclusively determine the disputed question, [2] resolve an important issue completely separate from the merits of the action, and [3] be effectively unreviewable on appeal from a final judgment.” ’ Puerto Rico Aqueduct and Sewer Authority v. Metcalf & Eddy, Inc., 506 U.S. [139, 144, 113 S.Ct. 684, 688, 121 L.Ed.2d 605] (1993) (brackets in original) (quoting Coopers & Lybrand v. Livesay, 437 U.S. 463, 468 [98 S.Ct. 2454, 2458, 57 L.Ed.2d 351] (1978)).”
Johnson v. Jones, 515 U.S. at -, 115 S.Ct. at 2155. Even though this Court has authorized procedures for reviewing certain interlocutory orders (See Rules 5 and 21, A.R.App.P.), it has not addressed the question of expanding the class of reviewable orders to include those where the State or one of its agencies or employees is denied sovereign immunity and where there is no dispute as to the material facts and only a question of law is presented.
Art. I, § 14, Alabama Constitution of 1901, provides that “the State of Alabama shall never be made a defendant in any court of law or equity.” This Court has held on many occasions that the State and its Agencies possess absolute immunity from suit. Nance v. Matthews, 622 So.2d 297, 299 (Ala.1993); *1282 Phillips v. Thomas, 555 So.2d 81, 83 (Ala.1989); Hickman v. Dothan City Bd. of Educ., 421 So.2d 1257, 1258 (Ala.1982); Gill v. Sewell, 356 So.2d 1196, 1198 (Ala.1978); Milton v. Espey, 356 So.2d 1201, 1202 (Ala.1978).
“In determining whether state officers and employees possess absolute immunity, this Court considers the nature of the action and the relief sought. Phillips, supra; DeStafney v. University of Alabama, 413 So.2d 391, 395 (Ala.1981); Milton, 356 So.2d at 1202. In an action against a state officer or employee that is, in effect, an action against the State, the officer or employee is entitled to absolute immunity. Phillips, supra; Barnes v. Dale, 530 So.2d 770, 781 (Ala.1988); DeStafney, 413 So.2d at 393.”
Nance v. Matthews 622 So.2d 297, at 300.
The attorney general, in his amicus curiae brief filed on behalf of the State and 36 State boards, departments, and agencies, contends that this Court should permit interlocutory appeals, as of right, from trial court orders denying immunity, especially where only a question of law is presented, with any factual disputes being resolved in favor of the non-moving party. In arguing that the denial of a claim of immunity should be immediately appealable, the attorney general relies heavily on Puerto Rico Aqueduct & Sewer Authority v. Metcalf & Eddy, Inc., 506 U.S. 139, 113 S.Ct. 684, 121 L.Ed.2d 605 (1993).[4] In Puer-to Rico Aqueduct, the United States Supreme Court held that the denial of a motion to dismiss asserting sovereign immunity under the Eleventh Amendment was immediately appealable under the collateral order doctrine. The attorney general says that the immunity granted to States by the Eleventh Amendment to the Constitution of the United States is precisely analogous to the immunity granted by Art. I, § 14, Alabama Constitution of 1901, and that the same principles of law that guide federal courts in applying the collateral order doctrine should guide us in determining whether to adopt the collateral order doctrine in Alabama, and if we adopt it, in determining how to apply it. I agree. I would adopt the collateral order doctrine in cases involving claims of sovereign immunity, and, in addition, I would establish the following criteria for determining when, and under what circumstances, to apply it.
In Johnson v. Jones, the Supreme Court of the United States, after noting that the United States Courts of Appeals had held different views about the immediate appealability of pre-trial “evidence sufficiency” claims made by public officials, said that three background principles guided the Court in deciding the issue of immediate appealability: 1) The United States Supreme Court stated that interlocutory appeals are the exception, not the rule, that too many interlocutory appeals can cause harm by making it more difficult for trial judges to do their basic job of supervising trial proceedings and could threaten those proceedings with delay, adding costs and diminishing coherence, and risking additional and unnecessary appellate court work, either when appeals are brought that present less developed records or when courts get appeals that, had the trials simply proceeded, would have turned out to be unnecessary; [5] 2) The United States Supreme Court stated that to be appealable, a collateral order must have conclusively determined the disputed question, must have resolved an important issue completely separate from the merits of the action, and must have been effectively unreviewable on appeal from a final judgment; that is, that a failure to review the order immediately may well cause significant harm; and 3) The United States Supreme Court said that appealability applies when the defendant is a public official *1283 asserting a defense of qualified immunity and the issue presented on appeal concerns not which facts the parties might be able to prove, but, rather, whether certain given facts show a violation of clearly established law.
The question of immunity from suit under § 14 is a question of jurisdiction. Aland v. Graham, 287 Ala. 226, 229, 250 So.2d 677, 678 (1971). The Legislature cannot waive the State’s immunity, and the United States Supreme Court has held that the immunity from suit conferred by the Eleventh Amendment to the United States Constitution is jurisdictional and may be raised at any time. See, Alabama v. Pugh, 438 U.S. 781, 98 S.Ct. 3057, 57 L.Ed.2d 1114 (1978); Edelman v. Jordan, 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974). There are, of course, recognized exceptions to the constitutional prohibition of suits against the State when a State official is sued for injunctive or declaratory relief. See, e.g., Gunter v. Beasley, 414 So.2d 41 (Ala.1982).
This Court has held that immunity is a question of law for the courts to decide, and I believe that the collateral order doctrine would help to get a speedy, inexpensive, and just determination of sovereign immunity issues. Foreman v. State, [Ms. 1931068, March 31, 1995] - So.2d - (Ala.1995); Smith v. King, 615 So.2d 69, 72 (Ala.1993); Nance v. Matthews, 622 So.2d 297, 300 (Ala.1993). See Mitchell v. Davis, 598 So.2d 801, 806-07 (Ala.1992); White v. Birchfield, 582 So.2d 1085, 1087 (Ala.1991); Phillips v. Thomas, 555 So.2d 81, 84 (Ala.1989); and Grant v. Davis, 537 So.2d 7, 8 (Ala.1988). Sometimes fact-specific questions of immunity present questions of law that should be decided by a court at the earliest possible moment. In Aland v. Graham, 287 Ala. 226, 229, 250 So.2d 677, 678 (1971), this Court said, “[A] trial court or an appellate court should, at any stage of the proceedings, dismiss a suit when it becomes convinced that it is a suit against the State and contrary to Sec. 14 of the Constitution.” In Aland, the question of immunity was the threshold issue. Cf. Gunter v. Beasley, 414 So.2d 41, 48 (Ala.1982), where the Court said, “whether this suit is barred by Article 1, Section 14, of the Alabama Constitution” was actually “the threshold issue.”
One of the reasons for the collateral order doctrine is that sometimes “review after trial would come too late to vindicate one important purpose of ‘qualified immunity’ — namely, protecting public officials, not simply from liability, but also from standing trial.” Johnson v. Jones, 515 U.S. at -, 115 S.Ct. at 2155, citing Mitchell v. Forsyth, 472 U.S. 511, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985). The difficulty in applying the collateral order doctrine, of course, is in resolving the “separability” question, i.e., determining whether the “qualified immunity” issue is “completely separate from the merits of the action.” In Johnson v. Jones, the United States Supreme Court quoted from the conclusion reached by the Court in Mitchell, writing:
“‘[I]t follows from the recognition that qualified immunity is in part an entitlement not to be forced to litigate the consequences of official conduct that a claim of immunity is conceptually distinct from the merits of the plaintiffs claim that his rights have been violated.’ Mitchell [472 U.S. at 527-28, 105 S.Ct. at 2816] (emphasis added).
“And, the [Mitchell ] Court said that this ‘conceptual distinctness’ made the immediately appealable issue ‘separate’ from the merits of the plaintiffs claim, in part because an
“ ‘appellate court reviewing the denial of the defendant’s claim of immunity need not consider the correctness of the plaintiffs version of the facts, nor even determine whether the plaintiffs allegations actually state a claim. All it need determine is a question of law: whether the legal norms allegedly violated by the defendant were clearly established at the time of the challenged actions or, in cases where the district court has denied summary judgment for the defendant on the ground that even under the defendant’s version of the facts the defendant’s conduct violated clearly established law, whether the law clearly proscribed the actions the defendant claims he took.’ [472 U.S.] at 528 [105 S.Ct. at 2816] (footnote omitted).”
*1284 515 U.S. at -, 115 S.Ct. at 2156. I realize that Rule 5, Ala.R.App.P., is, as stated in the comments to that Rule, “a composite of [Fed.R.App.P.] 5, and 28 U.S.C. § 1292(b),” and that Rule 5 can be used, and has been used, to review questions of sovereign immunity, but I would liberalize Rule 5 to provide a State board, department, or agency with the right to appeal from orders denying claims of immunity without having to get permission from either the trial court or an appellate court.
To see how other jurisdictions treat cases like this one, I have cursorily reviewed the law in other states that have considered the question of immediate appealability of orders denying claims of immunity. My review reveals that the States of Arizona, Arkansas, Florida, and Maine have adopted the right of immediate appeal from the denial of immunity. See Henke v. Superior Court, 161 Ariz. 96, 775 P.2d 1160 (Ariz.App.1989); Virden v. Roper, 302 Ark. 125, 788 S.W.2d 470 (1990); Tucker v. Resha, 648 So.2d 1187 (Fla.1994) (order denying summary judgment based upon claim of qualified immunity subject to interlocutory review to the extent that order turns on issue of law); Creamer v. Sceviour, 652 A.2d 110, 112 (Me.1995); Organes v. Town of Steuben, 644 A.2d 1047 (Me.1994) (employer immunity under Workers’ Compensation Act); Smith v. Yankee Construction Corp., 625 A.2d 904 (Me.1993) (same); Ryan v. City of Augusta, 622 A.2d 74 (Me.1993) (qualified immunity from action under 42 U.S.C. § 1983); and Polley v. Atwell, 581 A.2d 410 (Me.1990) (discretionary function immunity under Maine Tort Claims Act).
Maryland, Massachusetts, and Minnesota have adopted the right of immediate review as of right from the denial of immunity. See Artis v. Cyphers, 100 Md.App. 633, 642 A.2d 298 (1994), judgment affirmed by Artis v. Cyphers, 336 Md. 561, 649 A.2d 838 (1994) (to the extent the immunity asserted can be determined as a matter of law, an immediate appeal will lie); Breault v. Chairman of Bd. of Fire Com’rs of Springfield, 401 Mass. 26, 513 N.E.2d 1277 (1987); McGowan v. Our Savior’s Lutheran Church, 527 N.W.2d. 830 (Minn.1995); McGovern v. City of Minneapolis, 475 N.W.2d 71 (Minn.1991); Martin v. Spirit Mountain Recreation Area Authority, 527 N.W.2d 167 (Minn.App.1995); Martinez v. Minnesota Zoological Gardens, 526 N.W.2d 416 (Minn.App.1995); and S.L.D. v. Kranz, 498 N.W.2d 47 (Minn.App.1993).
New Hampshire, New Mexico, and North Carolina have adopted the collateral order doctrine. See Richardson v. Chevrefils, 131 N.H. 227, 552 A.2d 89 (1988); Oldfield v. Benavidez, 116 N.M. 785, 867 P.2d 1167 (1994); Carrillo v. Rostro, 114 N.M. 607, 845 P.2d 130 (1992) (adopting common law writ of error as “procedural device” for invoking collateral order doctrine when remedy by appeal is “inadequate”: “[W]e adopt the Supreme Court’s collateral order doctrine as a matter of sound judicial administration, the salutary effects of which are not limited to cases involving federally created claims or defenses,” 114 N.M. at 618 n. 10, 845 P.2d at 141 n. 10); Corum v. University of North Carolina, 330 N.C. 761, 413 S.E.2d 276 (1992); Hawkins v. State, 117 N.C.App. 615, 453 S.E.2d 233 (1995); Colombo v. Dorrity, 115 N.C.App. 81, 443 S.E.2d 752 (1994); Clark v. Red Bird Cab Co., 114 N.C.App. 400, 442 S.E.2d 75 (1994); Minneman v. Martin, 114 N.C.App. 616, 442 S.E.2d 564 (1994); Slade v. Vernon, 110 N.C.App. 422, 429 S.E.2d 744 (1993); Northwestern Financial Group, Inc. v. County of Gaston, 110 N.C.App. 531, 430 S.E.2d 689 (1993); and Hickman v. Fuqua, 108 N.C.App. 80, 422 S.E.2d 449 (1992).
Finally, Ohio, Vermont, Wisconsin, and Wyoming have adopted the doctrine. See Larson v. Mullett, No. 94-CA-14, 1994 WL 728579 (Ohio App., Dec. 19, 1994) (unpublished); Murray v. White, 155 Vt. 621, 587 A.2d 975 (1991); Barnhill v. Board of Regents of the UW System, 166 Wis.2d 395, 479 N.W.2d 917 (1992); Baxter v. Wisconsin Dep’t of Natural Resources, 165 Wis.2d 298, 477 N.W.2d 648 (Wis.App.1991); Abell v. Dewey, 870 P.2d 363 (Wyo.1994); and Park County v. Cooney, 845 P.2d 346 (Wyo.1992).
The United States Supreme Court’s recent opinion in Johnson v. Jones is entirely consistent with the decisions from all of these States that have adopted the collateral order doctrine allowing immediate appeals from the denial of immunity for public officers and *1285 institutions. What is appealable under that doctrine in every one of these jurisdictions is always a purely legal question, not a factual dispute. I note that in Alabama “[t]he question whether a public official is entitled to immunity is one to be decided as a matter of law.” Lightfoot v. Floyd, 667 So.2d 56 (Ala.1995) (citing White v. Birchfield, 582 So.2d 1085 (Ala.1991), and Grant v. Davis, 537 So.2d 7 (Ala.1988)). All the collateral order doctrine does is recognize the gravity of the consequences that flow from the failure to determine the immunity question at the earliest practicable opportunity. This Court has noted the gravity of those consequences:
“As the United States Court of Appeals for the Eleventh Circuit observed in Rich v. Dollar, 841 F.2d 1558 (11th Cir.1988): ‘The entitlement not to stand trial or face the. other burdens of litigation provided by the doctrines of absolute immunity and qualified immunity is effectively lost if a case is erroneously allowed to go to trial. Mitchell v. Forsyth, 472 U.S. 511, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985).’ ”
Barnes v. Dale, 530 So.2d 770, 780 (Ala.1988). Under the collateral order doctrine, the purely legal question whether a defendant is entitled not to stand trial and not to suffer the other burdens of litigation is the only question over which appellate courts are being asked to assume jurisdiction.
I have reviewed the principles of law relating to the collateral order doctrine as those principles are stated in Cohen v. Beneficial Industrial Loan Corp. and Puerto Rico Aqueduct & Sewer Authority and as they are most recently stated in Johnson v. Jones. I conclude that an immediate appeal in this case would provide the Department a timely resolution of the Department’s immunity; that is an important issue — a controlling issue — completely separate from the merits of the action.
Therefore, I think the Court should adopt the collateral order doctrine so as to allow an appeal from a denial of a claim of immunity, and then treat the Department’s mandamus petition as an appeal permitted under that doctrine. I must respectfully dissent from the refusal to adopt the collateral order doctrine. However, because I agree that the Department is entitled to § 14 immunity as to Rorer’s counterclaim, I concur in the issuance of the writ.

. Johnson v. Jones was decided after this case was orally argued in this Court. The attorney general, in a letter brief, calls our attention to it as the latest case from the United States Supreme Court dealing with the collateral order doctrine.

. The United States Supreme Court did recognize that there could be some "countervailing benefits" to an interlocutory appeal, such as avoiding injustice by quickly correcting a trial court error. By authorizing appeals of orders that are made final under the provisions of Rule 54(b), Ala.R.Civ.P., and authorizing appeals by permission under Rule 5, Ala.R.App.P., this Court has recognized the value of quick resolution of issues in certain cases. However, the fact that those procedures are not always sufficient or effective is demonstrated by this case.