**Linda MARTIN, as Trustee for the heirs of Daniel Martin, deceased, Respondent,**

v.

**SPIRIT MOUNTAIN RECREATION AREA AUTHORITY, Appellant.**

No. C7–96–477.

Court of Appeals of Minnesota.

Dec. 17, 1996.

Review Granted Feb. 26, 1997.

■

Frederick J. Goetz, Minneapolis, for respondent.

William P. Dinan, City Attorney, M. Alison Lutterman, Assistant City Attorney, Duluth, for appellant.

Considered and decided by AMUNDSON, P.J., and HUSPENI and FOLEY,* JJ.

## OPINION

AMUNDSON, Judge.

The Spirit Mountain Recreation Area Authority appeals from the district court's denial of its motion for summary judgment, arguing that because the terrain was not hidden and was not an artificial condition, the district court erred in determining that there are genuine issues of material fact. We affirm and remand.

## FACTS

On January 15, 1991, Daniel Martin was skiing at Spirit Mountain. While skiing on the "Gandy Dancer" trail (also known as trail number 6), he fell, slid, hit a tree, and died. Linda Martin, Daniel Martin's wife (as trustee for Daniel Martin's heirs), sued the Spirit Mountain Recreation Authority (Authority). She alleged that:

9. After falling, the topography of trail number 6 in the area of tower number 5 was such as to cause Daniel Martin to slide uncontrollably towards the edge of the ski trail and into a grove of trees. After sliding off the trail, Daniel Martin collided with one or more of the trees in this grove and suffered serious injury.

\* \* \* \* \* \*

11. At the point where Daniel Martin slid off of trail number 6 into the grove of trees, there were no plastic fences, hay bales or other restraining or protective devices to prevent skiers from skiing off

trail number 6 into the trees or otherwise make the area reasonably safe for skiers.
12. The Defendant knew or should have known that the area in which the accident occurred on trail number 6 was in such defective condition as herein set forth as to be unsafe for Daniel Martin and other patrons of Spirit Mountain Recreational Area.

Martin alleged that the Authority had a duty to warn "of the dangerous condition existing at the time as to the area in which the accident occurred on trail number 6" and that the Authority "carelessly, recklessly, and negligently fail[ed] to provide adequate notice or warning of such dangerous and harmful condition." Martin also alleged that the Authority failed to maintain the area of the accident:

The Defendant knew or should have known that the topography of trail number 6 in the area of tower number 5 of the B-lift together with the existence of a grove of trees next to the ski trail, constituted a dangerous condition giving rise to a duty to provide adequate fencing or other protective devices or materials so as to prevent skiers from sliding off of the ski trail and colliding with the trees.

The Authority moved for summary judgment, arguing that: (1) Martin primarily assumed the inherent risks of skiing and his injuries were the result of those risks, and (2) it was entitled to "parks and recreation" immunity and thus was only liable toward Martin to the extent a private person would be liable toward a trespasser. The district court denied the motion.

The Authority appealed to this court. This court reversed and held that parks and recreation immunity applied. *See Martin v. Spirit Mountain Recreation Area Auth.*, 527 N.W.2d 167 (Minn.App.1995), *review denied* (Minn. Mar. 29, 1995). Even though parks and recreation immunity applies, the Authority is still liable to the extent a private person is liable to a trespasser. *Id.* at 169. The standard to be applied is the general trespasser standard of the Restatement of Torts.

---

\* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const.

art. VI, § 10.

*Id.* (citing Restatement (Second) of Torts § 335 (1965)). The case was remanded to the district court.

The Authority moved for summary judgment again, arguing that there was no evidence that it breached its duty owed to a trespasser, and the district court denied the motion again.

The Authority appealed. Martin moved to dismiss the appeal on the grounds that the denial of the summary judgment motion was not appealable. This court denied the motion, on the ground that *Carter* does not limit the appealability of an order denying summary judgment if "the genuine issues of material fact identified by the trial court are related to the issue of immunity, and not to the merits of the claim."[1]

## ISSUES

1. Did the district court err in determining that there is a genuine issue of material fact regarding whether the alleged dangerous condition was of such a nature that the Authority had reason to believe that decedent would not discover it?

2. Did the district court err in determining that there is a genuine issue of material fact regarding whether the alleged dangerous condition was artificial?

## ANALYSIS

█ Under the Restatement's "Artificial Conditions Highly Dangerous to Constant Trespassers in a Limited Area" provision:

A possessor of land who knows, or from facts within his knowledge should know, that trespassers constantly intrude upon a limited area of land, is subject to liability for bodily harm caused to them by an artificial condition on the land, if

(a) the condition

(i) is one which the possessor has created or maintains and

(ii) is, to his knowledge, likely to cause death or serious bodily harm to such trespassers and

(iii) is of such a nature that he has reason to believe that such trespassers will not discover it, and

(b) the possessor has failed to exercise reasonable care to warn such trespassers of the condition and the risk involved.

Restatement (Second) of Torts § 335 (1965).

### I. "Hidden" Condition

The Authority argues that whether Martin saw or appreciated the hazards associated with the terrain are not material to a determination of whether those conditions are hidden. Thus, it argues, there are no genuine issues of material fact regarding whether the condition was "hidden" because both parties and the district court agreed that the terrain was visible.

Martin argues that the Authority gives too literal an interpretation of the term "hidden." She correctly notes that the Restatement does not actually use the word "hidden." She also correctly notes that the standard under the Restatement is whether the condition "is of such a nature that [the landowner] has reason to believe that such trespassers will not discover it." Martin argues that her experts' opinions create a genuine issue of material fact regarding whether a skier would have discovered the dangerous condition.

█ The district court reasoned:
One must remember that the Decedent here paid a fee to ski on a shaped and groomed ski hill. Would one in the position of the Decedent reasonably perceive that the hill would be shaped and groomed in such a way that if he fell he could slide sideways a considerable distance into trees? One must also remember that a skier skiing on a difficult hill has to keep his eyes on what is immediately before him

1. *See Carter v. Cole*, 526 N.W.2d 209, 212–13 (Minn.App.1995) ("An order denying a government official's motion for summary judgment may not be appealed before trial solely on the finding that there is a genuine issue of material fact whether the official committed the acts alleged by plaintiff."), *aff'd*, 539 N.W.2d 241 (Minn.1995) ("We do not here consider or determine the appealability of an order denying summary judgment where the genuine issues of material fact identified by the trial court are related to the issue of immunity, and not to the merits of the claim.").

and be concerned about other skiers using the hill. All of this while traveling at speed. As part of the record I have looked at still photographs taken from what was presumably a position designed to show the slope toward the trees. There is no question that the slope is visible in the photographs. I conclude that when considering the duties of the trespasser under the trespasser standard one must, under the circumstances of this case, make the trespasser a skier skiing a difficult hill. Not someone standing on the hill taking a picture.

We agree with the district court's reasoning. Thus, we conclude that the district court properly determined that there is a genuine issue of material fact regarding whether the alleged dangerous condition was of such a nature that the Authority had reason to believe that decedent would not discover it.

## II. Artificial Condition

The Authority argues that Martin never claimed or presented evidence that the condition/terrain was artificial. Thus, it concludes, it cannot be liable because the condition is natural.

Martin argues that the Authority raised this issue for the first time on appeal, and thus this court should not reach the issue. Our review of the record reveals that the Authority raised this issue below. Thus, we will consider this issue.

■ The district court reasoned:

I find evidence that Spirit Mountain grooms the ski run on a daily basis and used fill to alter and shape the run's terrain. If Spirit Mountain's alteration of the hill's naturally occurring terrain created a hidden and artificial hazard on Gandy Dancer, then those facts would support a conclusion of determining fault against Spirit Mountain under the general trespasser standard.

In addition, there was the admission that the ski run was "not as God made it but was 'designed and built.'" We conclude that, taken together, these factors create a genuine issue of material fact regarding whether the alleged dangerous condition was artificial.

## DECISION

The district court did not err in determining that there is a genuine issue of material fact regarding whether the alleged dangerous condition was of such a nature that the Authority had reason to believe that decedent would not discover it.

The district court did not err in determining that there is a genuine issue of material fact regarding whether the alleged dangerous condition was artificial.

**Affirmed and remanded.**

HUSPENI, Judge (dissenting).

I respectfully dissent and would award summary judgment to appellant. There is no material fact issue in this case. As a matter of law, respondent cannot meet the requirement of section 335(a)(iii) of Restatement (Second) of Torts that there be "a condition of such a nature that [appellant] has reason to believe that [respondent would] not discover it." The topography of the "Gandy Dancer" trail was not hidden; it was open and obvious.

Respondent does not claim that Martin was unaware of the condition. Instead, respondent claims that (1) the condition was dangerous because the topography slanted toward the woods and a skier who fell would slide toward those woods; and (2) the condition was dangerous because of the physical dynamics of the hill together with the unique human factor attributes of the sport of skiing.

Respondent's issues address, it seems to me, not a **condition** undiscovered by Martin, but the **effects** of a condition which he clearly had discovered. The Restatement does not bring **effects** within its scope. This court should not do so either. Abundant case law sets forth the proper application of section 335 of Restatement (Second) of Torts. That case law should be followed. *See Steinke v. City of Andover,* 525 N.W.2d 173, 177 (Minn. 1994); *Schaffer v. Spirit Mountain Rec. Area Auth.,* 541 N.W.2d 357, 360–61 (Minn.

App.1995); *Martinez v. Minnesota Zoological Gardens,* 526 N.W.2d 416, 418–19 (Minn. App.1995).